152 So.2d 458 (1963)
Claude Wayne NICHOLAS, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 32308.
Supreme Court of Florida.
April 24, 1963.
*459 Claude Wayne Nicholas, petitioner, in pro. per.
Richard W. Ervin, Atty. Gen., and A.G. Spicola, Jr., Asst. Atty. Gen., for respondent.
THORNAL, Justice.
An original petition for a writ of habeas corpus questions the legality of petitioner's restraint because of an alleged invalid forfeiture of gain time.
The petition and return present for consideration the construction of applicable statutes governing gain time for state prisoners.
On December 7, 1954, petitioner Nicholas was sentenced to a ten-year term in the state prison for the crime of robbery. On April 7, 1958, petitioner was sentenced to an additional year in prison for the crime of escape. The sentences were to run consecutively. If allowed gain time under applicable provisions, petitioner would now be entitled to release. During the course of his imprisonment petitioner committed various breaches of discipline. For such conduct he suffered a loss of gain time totalling 697 days. Petitioner questions the legality of the procedure employed in cancelling the gain time. He insists that since his gain time was not legally cancelled he is now entitled to credit therefor, and hence, immediate release. This contention leads us to applicable gain time statutes and rules of the Division of Corrections promulgated pursuant thereto.
Prior to 1957, gain time for good conduct was provided by Section 954.06, Florida Statutes, F.S.A. By this act the Legislature itself stipulated the extent of gain time allowances with authorized deductions for misconduct. To the extent that Section 954.06, supra, was applicable to state prisoners it was repealed by Chapter 57-121, Laws of 1957. Former Section 954.06, supra, to the extent applicable to county prisoners, has been revised and is now cited as Section 951.21, Florida Statutes, F.S.A.
The Florida Corrections Code of 1957 was adopted by Chapter 57-121, Laws of 1957, and now comprises Chapter 944, Florida Statutes, F.S.A. Sections 944.27 and 944.28, Florida Statutes, F.S.A., now govern so-called good conduct gain time credits.
By Section 944.27, supra, the matter of providing for gain time credits is made a responsibility of the Board of Commissioners of State Institutions which we shall *460 refer to as "The Board." By Section 944.27, supra, the warden or superintendent of the prison institution is authorized to certify prisoners for gain time credits on the basis of their conduct and work. Such certification is accomplished by a report to the Division of Corrections. The recommended gain time credits shall be allowed to the prisoner upon such certification "but not until, the adoption of such recommendations by the board, * * *." The net effect of this provision is that the Board allows the gain time on the recommendation of the warden or superintendent.
Section 944.28, supra, authorizes the Board, upon the recommendation of the Director of the Division of Corrections, to declare a forfeiture of any or all gain time allowances previously earned. This may be done upon a finding of the commission of described offenses or breaches of discipline. Here again it is the ultimate responsibility of the Board to declare the forfeiture.
We do not here deal with so-called extra gain time allowances authorized by Section 944.29, Florida Statutes, F.S.A.
By Section 945.21, Florida Statutes, F.S.A., "The board is authorized to adopt and promulgate regulations governing the administration of the correctional system and the operation of the division. * * *" By this section the Board was specifically authorized to adopt regulations relating to gain time for good conduct.
By regulations promulgated December 16, 1958, the Board provided that "the Director of the Division of Corrections is required to forfeit and make reduction of gain time credits on the following grounds for forfeiture of gain time credits." The regulation then prescribes certain grounds for forfeiture. The same regulation provides:
"The Director of the Division of Corrections is hereby authorized to delegate to the Deputy Director most directly concerned with the administration of this phase of the correctional program the authority granted to the Director by this resolution in order to facilitate the rapid administration of the gain time program;"
The ultimate effect of the regulations adopted by the Board is to grant to the Director the responsibility of supervising the gain time program and in turn, authorizing him to designate a deputy director to exercise this function. The result is that while the statutes require that gain time be allowed or cancelled by action of the Board, the regulations authorize the allowance and cancellation by the Director who may then delegate the responsibility to a deputy director. When such conflicts appear, the Act of the Legislature must control.
We do not overlook the fact that the Board is composed of all of the constitutional cabinet officers and the Governor. Article IV, Sections 17 and 20, Florida Constitution, F.S.A. Because of the great multitude of varied responsibilities imposed by law upon these officials it is obvious that they could not personally give detailed consideration to each allowance of gain time or forfeiture thereof. Doubtless, it is for this reason that the Board promulgated the regulation delegating the responsibility to the Director and ultimately, to a deputy director assigned to the performance of this particular duty.
The fact remains, however, that the Legislature itself has imposed upon the Board the responsibility of making the ultimate decisions for the allowance or forfeiture of gain time. Orders entered in this regard, under the legislative prescription, must be the orders of the Board. There is no valid objection to the Board designating the Director or a Deputy Director to hold the hearings and make recommendations regarding forfeiture of gain time. The Legislature has recognized the propriety of a hearing officer as a functionary of an administrative agency by *461 the enactment of Chapter 120, Florida Statutes, F.S.A. See Section 120.24 et seq., Florida Statutes, F.S.A. We here merely hold that under present legislative requirements the final responsibility for forfeiting gain time must be exercised by the Board itself. This may be done pursuant to the recommendations of the Director. The actual hearings required by Section 944.28, Florida Statutes, F.S.A., may be presided over by a hearing officer designated by the Board for the purpose. It may be that in the interest of efficiency further legislative consideration of the subject statutes is indicated. Until the Legislature acts, however, we are bound by the prevailing law.
We must dispose of the immediate claims asserted by the petition. Gain time is allowed by the state to encourage a prisoner to mend his ways, to conduct himself in an orderly fashion while paying his debt to society and by his conduct to earn the privilege of release earlier than the terminal date fixed by his sentence. A prisoner's right to accrued gain time is not absolute but is conditioned upon satisfactory service of the sentence as required by the statute. Dear v. Mayo, 153 Fla. 164, 14 So.2d 267. Indeed the statute which authorizes gain time, Section 944.27, supra, provides in effect that a prisoner cannot be released on the basis of gain time credits until the recommendation of the warden or superintendent is adopted by the Board. In the instant matter petitioner Nicholas is not entitled to release until the superintendent recommends and the Board approves, the gain time allowances. The instant record fails to reveal that any such action has been taken. On the contrary, it reveals that effort was made to declare a forfeiture of certain accumulated gain time that otherwise might have been earned. Consequently, the petitioner is not entitled to be released from custody. He is, therefore, remanded to custody pending the expiration of his sentence but subject to such action as may be taken by the Board, either by way of allowance or forfeiture of gain time in accordance with the procedures announced by the Legislature as construed by this opinion.
The petitioner is remanded to custody and the writ is discharged.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS, DREW, O'CONNELL and CALDWELL, JJ., concur.