QUESTION:
Does final agency action or rule-making authority vested in a department by statute preclude the head of the department from delegating final agency action or rule-making authority to others within the department?
SUMMARY:
In the absence of statutory authority, powers vested in a department must be exercised by the head of that department and may not be delegated.
The general rule, as stated in 67 C.J.S. Officers s. 104, is that:
"In the absence of statutory authority a public officer cannot delegate his powers, even with the approval of a court. An officer, to whom a power of discretion is intrusted, cannot delegate the exercise thereof except as prescribed by statute. He may, however, delegate the performance of a ministerial act. . . ."
This rule has been followed by the Florida courts. See Nicholas v. Wainwright, 152 So.2d 458 (Fla. 1963); State v. Inter-American Center Authority, 84 So.2d 9 (Fla. 1955). Also see AGO's 074-57 and 073-380.
With respect to heads of departments, the rule is the same regardless of whether a particular power is vested in the officer by title or is vested in the "department." This is because under s. 20.05, F.S., each head of a department, except as otherwise provided, shall:
"(1) Plan, direct, coordinate, and execute the powers, duties, and functions vested in that department or vested in a division, bureau, or section of that department; [and] * * * * * (5) Subject to requirements of chapter 120, (Administrative Procedure Act), have existing authority to promulgate rules pursuant and limited to the powers, duties, and functions transferred herein and have authority to promulgate rules pursuant and limited to the powers, duties and functions enacted hereby;"
the effect of which is to vest in the head of a department the powers of that department.
I am unaware of any statute authorizing a department or the head of a department to delegate final official discretion and judgment (final agency action) or rule-making power to subordinates or others when such final official judgment is by the statutes vested in such department or department head alone.
In your letter you cite as specific examples ss. 517.03 and 517.08(4), F.S., the first of which authorizes the Department of Banking and Finance to make rules and regulations and the second of which authorizes the department to enter stop orders. The powers vested in the Department of Banking and Finance by those sections are, by operation of s. 20.05, F.S., vested in the head of the department — in this case, the comptroller (see s. 20.12[1], F.S.). An examination of Ch. 517, F.S., reveals no provision authorizing the head of that department to delegate to any subordinate any of the powers vested by ss. 517.03 or 517.08(4). Thus, in accordance with the rule discussed above, those powers must be exercised by the head of the department and may not be delegated.