QUESTIONS: 1. Is the "specified period of such sentence" imposed pursuant to s. 948.01(4), F.S., subject to the awarding of gain time pursuant to s. 944.27, F.S.? 2. Is the Parole and Probation Commission's authority to interview and consider an inmate for parole pursuant to s. 947.16, F.S., altered by s. 948.01(4), F. S., as amended by s. 12 of Ch. 74-112, Laws of Florida?
SUMMARY: A prisoner sentenced pursuant to s. 948.01(4), F.S., is entitled to earn gain time under s. 944.27, F.S., for the specified period of the sentence imposed in accordance with s.948.01(4). An inmate sentenced pursuant to s. 948.01(4) can be eligible for parole consideration prior to the expiration of the specified period of sentence if otherwise qualified for consideration for parole under s. 947.16, F.S. Section 12 of Chapter 74-112, Laws of Florida, amended s. 948.01(4), F.S., effective July 1, 1974, to read as follows: Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court. AS TO QUESTION 1: In Florida a prisoner is awarded gain time by the provisions of s. 944.27, F. S., which states: Gain time for good conduct; schedule of allowances; cumulative sentences to be treated as one sentence for purposes of allowing and forfeiting. — (1) The division shall grant the following deductions for gain time from the sentences of every prisoner who has committed no infraction of the rules or regulations of the division, or of the laws of the state, and who has performed in a faithful, diligent, industrious, orderly, and peaceful manner, the work, duties, and tasks assigned to him, to wit: (a) Five days per month off the first and second years of his sentence; (b) Ten days per month off the third and fourth years of his sentence; and (c) Fifteen days per month off the fifth and all succeeding years of his sentence; and he shall be entitled to credit for a month as soon as he has served such time as, when added to the deduction allowable, would equal a month. (2) When a prisoner is under two or more cumulative sentences, he shall be allowed gain time as if they were all one sentence and his gain time, including any extra gain time allowed him under s. 944.29, shall be subject to forfeiture as though such sentences were all one sentence. The purpose of gain time was discussed by the Court in Nicholas v. Wainwright, 152 So.2d 458 (Fla. 1963): . . . Gain time is allowed by the state to encourage a prisoner to mend his ways, to conduct himself in an orderly fashion while paying his debt to society and by his conduct to earn the privilege of release earlier than the terminal date fixed by his sentence. . . . Nicholas, supra, at page 461. Given the purpose to be served by gain time, and there being nothing contained in s. 948.01(4), F. S., as amended by s. 12 of Ch. 74-112, supra, to the contrary, it would be my opinion that a prisoner sentenced pursuant to s.948.01(4) is entitled to have gain time awarded on the specified period of such sentence, but not on the remainder of his sentence which was stayed and withheld at the time of sentencing. AS TO QUESTION 2: Section 947.16, F.S., as amended by s. 2 of Ch. 74-122, Laws of Florida, establishes parole eligibility and defines the powers and duties of the commission. Section 947.16
provides: Eligibility for parole; powers and duties of commission. — (1) Every person who has been, or who may hereafter be, convicted of a felony or who has been convicted of one or more misdemeanors and whose sentence or cumulative sentences total 12 months or more, who is confined in a jail or prison in this state in execution of the judgment of the court, and whose prison record is good, shall, unless otherwise provided by law, be eligible for consideration by the commission for parole. An inmate who has been sentenced for a term of 5 years or less shall be interviewed by a member of the commission or its representative within 6 months after the initial date of confinement in execution of the judgment. . . . An inmate convicted of a capital crime shall be interviewed at the discretion of the parole commission. As used in this subsection, the term "confined" shall be deemed to include presence in any appropriate treatment facility, public or private, by virtue of transfer from the division of corrections under any applicable law. (2) Persons who have become eligible for parole and who may in the discretion of the commission be granted parole shall be placed on parole in accordance with the provisions of this law. (3) Within 30 days after any interview for parole, the inmate shall be advised of the decision of the commission. Subsequent to the initial interview, the inmate shall be interviewed for parole at periodic intervals not less often than annually. I find nothing in s. 948.01(4), supra, which alters the parole eligibility of an inmate under s. 947.16, F.S., nor do I find the Commission's powers and duties altered by s. 948.01(4). The provisions of s. 948.01(4) merely afford the trial court an opportunity to establish a maximum term of confinement for an inmate sentenced pursuant thereto, at which time the inmate will have to be released from confinement subject to probation supervision. Thus, I would conclude that an inmate who is otherwise eligible for parole pursuant to s. 947.16, F.S., can be interviewed and considered for parole by the commission notwithstanding the trial court's imposition of a specified period of sentence under s. 948.01(4), F.S.