QUESTION: Would s. 20.05(1)(b), F.S. (1974 Supp.), which was enacted after AGO's 074-57 and 074-116, allow the Governor and Cabinet, sitting as the Department of Revenue, to authorize the executive director of that department to take final agency action in all proceedings before the department arising pursuant to s.120.57(1) and (2), F.S.?
SUMMARY: The Governor and Cabinet, as head of the Department of Revenue, may authorize the delegation of the power to take final agency action per s. 120.57(1) and (2), F.S., to the executive director of the department because the Legislature has authorized such delegation by Ch. 74-256, Laws of Florida [s. 20.05(1)(b), F.S. (1974 Supp.)]. Your question is answered as discussed below. I am excluding consideration of agency action in appointing or assigning administrative hearing officers pursuant to s. 120.57, F.S. Section 120.57, F.S., as enacted by the Legislature in Ch. 75- 191, Laws of Florida) originally enacted by Ch. 74-310, Laws of Florida), provides for administrative procedures for agency action when the substantial interests of a party are determined by an agency. Final agency action includes the whole or part of an order issued by the head of an agency pursuant to s. 120.57(1) or (2). Section 120.52(2), F.S. (1974 Supp.). Section 120.57(1), F.S., provides for a hearing officer and formal proceedings if the agency action involves a disputed issue of material fact, whereas s. 120.57(2), F.S., provides for an informal proceeding with notice to the affected person or party of the agency action along with an opportunity for the affected person or party to present written evidence in opposition to the agency's action or a written statement challenging the grounds upon which the agency seeks to justify its action. Section 120.52, F.S. (1974 Supp.), defines "agency" for purposes of administrative procedures as follows: (1) "Agency" means: * * * * * (b) Each other state officer and each state department, departmental unit described in s. 20.04, commission, . . . . * * * * * (3) "Agency head" means the person or collegial body in a department or other governmental unit statutorily responsible for final agency action. (Emphasis supplied.) The Department of Revenue is a state department headed by the Governor and Cabinet pursuant to s. 20.21, F.S. The Governor and Cabinet as head of the Department of Revenue are statutorily responsible and empowered to execute the powers, duties, and functions vested in the department or any subdivision thereof pursuant to s. 20.05(1)(a), F.S. (1974 Supp.). See AGO 074-57. The general rule recognized in Florida is that a public officer cannot delegate his discretionary powers in the absence of statutory authorization. State v. Inter-American Center Authority,84 So.2d 9 (Fla. 1955); Nicholas v. Wainwright, 152 So.2d 458
(Fla. 1963); and AGO's 074-116, 074-57, and 073-380. In the absence of statutory authority a public officer cannot delegate his powers, even with the approval of a court. An officer, to whom a power of discretion is intrusted, cannot delegate the exercise thereof except as prescribed by statute. He may, however, delegate the performance of a ministerial act, . . . . [(See) 67 C.J.S. Officers s. 104, pp. 373-374.] The determination of final agency action by the Governor and Cabinet as the head of the Department of Revenue pursuant to s. 120.57(1) and (2), F.S., is obviously a descretionary act since it is any determination by the agency of the "substantial interests" of a party. Such broadly defined administrative action determining the substantial interests of a party, including in this instance the determination of tax liabilities as well as the authority to adopt, modify, or reject conclusions of law, and, to a lesser extent findings of fact, made by hearing officers necessarily involves the exercise of independent judgment and discretion and therefore is not ministerial. Cf., AGO 074-57. Therefore, if the Governor and Cabinet are to delegate to the executive director of the department the authority to take final agency action in proceedings before the department pursuant to s. 120.57(1) and (2), then legislative authorization must exist for same. In AGO 074-116 I noted that I was unaware of any legislative authorization to a department or head of a department to delegate official discretion and judgment (final agency action per s.120.57(1) and (2), supra) to subordinates or others when such final official judgment is vested by the statutes in such department or department head alone. However, since the issuance of AGO 074-116 the Legislature has enacted Ch. 74-256, Laws of Florida [s. 20.05(1)(b), F.S. (1974 Supp.)], which purports to allow a delegation of certain powers and functions: AN ACT . . . amending s. 20.05(1) Florida Statutes, authorizing heads of departments to delegate powers, duties and functions; providing an effective date. * * * * * 20.05 Heads of departments; powers and duties. — Each head of a department, except as otherwise provided herein, shall: (1)(b) Have authority, without being relieved of responsibility, to execute any of the powers, duties and functions vested in said department or in any administrative unit thereof through said administrative units and through such assistants and deputies as shall be designated by the head of the department from time to time, unless the head of the department is explicitly required by law to perform the same without delegation. (Emphasis supplied.) Thus, pursuant to the terms of Ch. 74-256, supra, the Governor and Cabinet as the head of the Department of Revenue have been authorized to delegate and execute any of its powers, duties, and functions through such assistants and deputies as designated by it unless the Governor and Cabinet as the head of the department are "explicitly" required by law to perform the duty or function without delegation. The executive director of the Department of Revenue is of course an "assistant" or "deputy" to the Governor and Cabinet as head of the department. See s.20.03(6), F.S., and s. 20.05(7), F.S. (1974 Supp.). Furthermore, I find no explicit designation in s. 120.57, F.S., or elsewhere requiring the head of the department to perform final agency action without delegation. Rather s. 120.57, F.S., requires only "agency" determination or action. It is therefore my conclusion that the Governor and Cabinet, as head of the Department of Revenue, are authorized to delegate to the executive director of the Department of Revenue the power to take final agency action allowed by s. 120.57(1) and (2). I am assuming the constitutionality of s. 20.05(1)(b), supra, since it is presumptively valid and must be given effect until judicially declared unconstitutional. Evans v. Hillsborough County,186 So. 193, 196 (Fla. 1938); Pickerill v. Schott, 55 So.2d 716, 719 (Fla. 1951); and White v. Crandon, 156 So. 303, 305 (Fla. 1934). Cf., Florida Dry C. L. Bd. v. Economy Cash C. Cleaners, 197 So. 550
(Fla. 1940).