QUESTION: May the Department of General Services, pursuant to Ch. 120, F. S., and Ch. 75-243, Laws of Florida, adopt rules and regulations to delegate to the Tallahassee-Leon County Civic Center Authority the supervisory authority to construct the civic center being jointly funded by the City of Tallahassee, Leon County, and the state?
SUMMARY: The Department of General Services is not authorized by law to adopt and promulgate rules pursuant to Ch. 120, F. S., or s. 255.30, F. S., to establish a procedure for delegating to the Tallahassee-Leon County Civic Center Authority the general power and duty of the Division of Building Construction and Property Management of the Department of General Services to supervise the construction of state buildings, as that power applies to the construction of a civic center in the City of Tallahassee, jointly funded by the state and local governments. The general rule, as stated in 67 C.J.S. Officers s. 104, is that: In the absence of statutory authority a public officer cannot delegate his powers, even with the approval of a court. An officer, to whom a power of discretion is intrusted, cannot delegate the exercise thereof except as prescribed by statute. He may, however, delegate the performance of a ministerial act . . . . This rule has been followed by the Florida courts. See Nicholas v. Wainwright,152 So.2d 458 (Fla. 1963); State v. Inter-American Center Authority,84 So.2d 9 (Fla. 1955). Accord: Attorney General Opinions 075-306, 074-116, 074-57, and 073-380. With respect to heads of departments, the rule is the same regardless of whether a particular power is vested in the officer by title or is vested in the department or a division of the department. Cf. AGO's 074-57 and 074-116. This is because under s. 20.05, F. S., each head of a department, except as otherwise provided, shall: (1)(a) Plan, direct, coordinate, and execute the powers, duties, and functions vested in that department or vested in a division, bureau, or section of that department . . . . * * * * * (5) Subject to requirements of chapter 120 (Administrative Procedure Act), have authority to promulgate rules pursuant and limited to the powers, duties, and functions transferred herein and have authority to promulgate rules pursuant and limited to the powers, duties, and functions enacted hereby.
The effect of this provision is to vest in the head of a department the powers of that department. Cf. s. 20.05(1)(b) authorizing the head of each department of state government to delegate certain powers and functions to administrative units within the department and to such assistants and deputies thereof as may be designated by the head of the department, and AGO 075-306. Applying the foregoing general rule to the instant situation, the Division of Building Construction and Property Management of the Department of General Services (hereinafter referred to as the "division") is assigned the general power and responsibility to supervise the construction of state buildings. Section 20.22(5)(c), F. S. More specifically, the division is assigned the powers, duties, and functions relating to the supervision of construction of buildings formerly exercised and performed by the Board of Regents and the institutions under the Board of Regents. Section 20.22(5)(e), F. S. Cf. AGO 071-7. This power of building construction supervision, involving as it does the exercise of independent official judgment on the part of the division, clearly appears to be discretionary rather than ministerial. See s. 553.80, F. S., re: Enforcement of the state building code; see also ss. 255.25(5) and 553.70(1), F. S.; cf. AGO 075-170. Accordingly, unless there is some statutory authority providing otherwise, the Governor and Cabinet, as head of the Department of General Services, s. 20.22(1), F. S., may not delegate the general power and duty of the division to supervise the construction of state buildings. As to whether there exists statutory authority to so delegate, the only relevant provision of law of which I am aware is s. 255.30, F. S. (Ch. 75-243, Laws of Florida), providing as follows: Fixed capital outlay projects; department rules; delegation of supervisory authority. — The Department of General Services shall make and promulgate rules pursuant to chapter 120 in order to establish a procedure for delegating to state agencies the supervisory authority of the Division of Building Construction and Property Management as it relates to the repair, alteration, and construction of fixed capital outlay projects. (Emphasis supplied.) Since the authority to delegate supervisory power granted by this section is limited to delegations to "state agencies," the determinative issue here appears to be whether the Tallahassee-Leon County Civic Center Authority is an agency of the state within the purview of this section. In this regard, the authority was created by special act, s. 1, Ch. 72-605, Laws of Florida, as . . . a public agency, politic and corporate, for the purpose of planning, developing, operating and maintaining a comprehensive complex of civic, governmental, educational, recreational, convention and entertainment facilities, for the use and enjoyment of the citizens of Leon County and the State. . . . The law then goes on to designate the governing body of the authority, to prescribe the manner of the members' selection and the powers of the authority, and to provide for the issuance of revenue bonds by the authority. Nowhere in Ch. 72-605 is the authority designated a "state agency" or assigned to any branch of state government or any department in the executive branch. See s. 6, Art. IV, State Const., providing that "[a]ll functions of the executive branch of state government shall be allotted among not more than twenty-five departments." Cf. ss. 20.03(2), 20.22(2), and 216.011(1)(e), F. S. See also s.255.28(1)(a), F. S., which was enacted by the same law that enacted s. 255.30, F. S., defining "agency" for purposes of s.255.28 to mean "any state board, commission, department, division, or bureau." (Emphasis supplied.) Accordingly, I am of the opinion that the authority is one of numerous public bodies corporate created by the Legislature to perform some special governmental or public function and is not among the "state agencies" contemplated by s. 255.30, F. S., as potential recipients of the delegated power and duty of the division with respect to the supervision of construction of state buildings. Your question, therefore, is answered in the negative.