QUESTIONS:
1. May public agencies of disparate types and degrees of power create a separate administrative entity under s. 163.01, F. S.?
2. May charter counties delegate their charter authority over transportation planning to an organization created and established under s. 163.01, F. S.?
3. May an organization created, established and extant under s.163.01, F. S., join with a public agency in an interlocal agreement?
SUMMARY:
Under s. 163.01, F. S., public agencies possessing disparate types and degrees of power may through interlocal agreement create a separate legal or administrative entity to exercise a power, privilege, or authority common to all constituent public agencies, which power, privilege, or authority is possessed and separately exercisable by each and any individual member agency.
Absent statutory authority, discretionary governmental powers and judgment of public officials may not be delegated. Only those governmental powers expressly provided for in s. 163.01, F. S., may be the subject of an interlocal agreement or be exercised by any separate administrative entity created by such agreement.
Separate legal or administrative entities created and operated under and by s. 163.01, F. S., may not enter into interlocal agreements with other public agencies or interlocal administrative agencies.
At the outset, I note that your request is in reference to metropolitan planning organizations, and I therefore direct your attention to AGO 077-15, wherein I concluded that a duly constituted metropolitan planning organization which engages in planning and coordinating the transportation needs and plans of its constituent public agencies within their respective boundaries may be created by local governmental units through an interlocal agreement and may administer or execute the terms and provisions of the interlocal agreement as specified therein, as provided by s. 163.01, F. S.
AS TO QUESTION 1: Section 163.01, F. S., contemplates the joint exercise of any power, privilege, or authority which the public agencies involved share in common and which each might exercise separately. The purpose of the act, as set forth in s. 163.01(2), F. S., is to
 . . . permit local governmental units to make the most efficient use of their power by enabling them to cooperate with other localities on a basis of mutual advantage and thereby to provide services and facilities in a manner and pursuant to forms of governmental organization that will accord best with geographic, economic, population, and other factors influencing the needs and development of local communities. (Emphasis supplied.)
The public agencies which for such purposes are eligible to enter into interlocal agreements are set forth in s. 163.01(3)(b), F. S., which section includes agencies within and without the state with widely varying types and degrees of powers, privileges, and authority. It is thus apparent that it is not necessary that the public agencies made parties to an interlocal agreement be of identical conformation as to power, privilege, or authority; it is only necessary that the particular power, privilege, or authority sought to be jointly exercised thereby be common to all members to the agreement, each of which might exercise that power, privilege, or authority separately. Thus, if each agency is possessed of the particular power, privilege, or authority to be jointly exercised by and through the separate legal or administrative entity created pursuant to s. 163.01, F. S., the separate administrative entity may exercise that common power, privilege, or authority to the full extent that it is possessed by the granting agency, notwithstanding other powers, privileges, or authority not possessed by each or common to all parties to the agreement.
Your first question is answered in the affirmative.
AS TO QUESTION 2:
Section 163.01(15), F. S., in effect prohibits the delegation of constitutional or statutory duties of state, county, or city officers. Even apart from or in the absence of that provision and prohibition, the applicable decisional law is that in the absence of statutory authority a public officer cannot delegate his powers even with the approval of the court. State v. Inter-American Center Authority, 84 So.2d 9 (Fla. 1955); Nicholas v. Wainwright,152 So.2d 458 (Fla. 1963); Florida Dry Cleaning and Laundry Board v. Economy Cash Carry Cleaners, Inc., 197 So. 550 (Fla. 1940); AGO's 073-380, 074-57, 074-116, and 075-306. Therefore, only those discretionary or governmental powers expressly provided for in s.163.01, F. S., may be the subject of an interlocal agreement or possessed by or exercised by any separate legal or administrative entity created by the interlocal agreement.
However, in the instant matter the participating governmental agencies do not delegate their respective governmental duties and powers pursuant to an interlocal agreement; rather they seek to jointly exercise their common powers through the interlocal agreement and by any separate legal or administrative entity created and operative under said agreement. This separate administrative entity may administer the agreement and exercise the common power granted it thereunder only as specified in the agreement. Moreover, the metropolitan planning organizations here under discussion do not engage in the execution, adoption, or implementation of any transportation plans they might promulgate; their power and authority is restricted to transportation planning functions, and all discretionary governmental powers and decisions are reserved to the constituent governmental units participating in the interlocal agreement. See AGO 077-15.
AS TO QUESTION 3:
Question 3 is answered in the negative.
The Florida Interlocal Cooperation Act of 1969 provides that public agencies, as defined in s. 163.01(3)(b), F. S., may participate in the execution of interlocal agreements. Said section defines `public agency' as a
 . . . political subdivision, agency, or officer of this state or of any state of the United States, including, but not limited to, state government, county, city, school district, single and multipurpose special district, single and multipurpose public authority, metropolitan or consolidated government, an independently elected county officer, any agency of the United States Government, and any similar entity of any other state of the United States.
These enumerated bodies all derive their existence and authority from statutory or constitutional provision, while administrative entities created by interlocal agreements derive their existence and authority therefrom, as provided for and governed by s.163.01, F. S. An examination of s. 163.01 reveals no authority for administrative entities created by interlocal agreement to enter into subsequent interlocal agreements with other governmental agencies, nor does there appear authority for constituent or parent governmental units to authorize interlocal entities to enter into subsequent interlocal agreements with other public agencies. Administrative agencies possess only those powers prescribed by statute or those necessarily implied from expressly granted powers in order to carry out their expressly granted statutory powers and duties, and if there is any reasonable doubt as to the lawful existence of a particular power, it should not be exercised or further exercised. State ex rel. Greenberg v. Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974); Florida State University v. Jenkins, 323 So.2d 597 (1 D.C.A. Fla., 1975). In view of the foregoing, I am of the opinion that separate legal or administrative entities created by interlocal agreements may not enter into subsequent interlocal agreements with other public agencies or interlocal administrative entities.
Prepared by: Michael H. Davidson Assistant Attorney General