Mr. Allen W. Lindsay, Jr. City Attorney City of Milton Post Office Box 586 Milton, Florida 32570
Dear Mr. Lindsay:
This is in response to your request for an opinion on the following questions:
 1. DOES A POLICE OFFICER OF A MUNICIPALITY HAVE THE AUTHORITY TO SERVE ARREST WARRANTS ISSUED BY THE COURT OF COMPETENT JURISDICTION?
 2. CAN THE SHERIFF DIRECT THE MUNICIPAL POLICE DEPARTMENT TO SERVE AN ARREST WARRANT OR CRIMINAL SUMMONS INITIATED BY THE MUNICIPAL POLICE DEPARTMENT?
QUESTION ONE
Your first question is answered in the negative.
Section 30.15(1), F.S., provides that sheriffs, in person or by deputy, shall execute in their respective counties all process of the courts of this state which is executed in their counties. No provision of general law authorizes or requires a municipal police officer to execute or serve arrest warrants or any other criminal process which is issued by the courts.
Section 901.04, F.S., requires that arrest warrants be directed to all sheriffs of the state and states specifically that "[a] warrant shall be executed only by the sheriff of the county in which the arrest is made . . . ." (e.s.) When the Legislature has prescribed the mode of doing a thing, that prescription must be observed, and when the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way. Alsop v. Pierce, 19 So.2d 799, 805-806
(Fla. 1944). See also, Weinberger v. Board of Public Instruction,112 So. 253, 256 (Fla. 1927); In re Advisory Opinion of the Governor Civil Rights, 306 So.2d 520, 523 (Fla. 1975). Therefore, as ss 30.15(1) and 901.04, F.S., read together direct that arrest warrants or any other criminal process issued by the state courts shall be executed or served only by the sheriff or his deputies, such service by a municipal police officer is not only unauthorized but is prohibited. Cf., AGO 71-107 (capias issued out of criminal court of record required to be served only by a sheriff, with result that such a capias cannot properly be directed to "all municipal police officers" or to any particular municipal police officer) and AGO 81-38 (municipality has no home rule power to grant its fire department officials the authority to issue or serve summonses or criminal process or process in the nature of criminal process in the state courts).
QUESTION TWO
Your second question is answered in the negative.
No provision of Ch. 30, F.S., nor any other general law that I am aware of, empowers a sheriff to delegate his or her duty to execute the criminal process of the state's courts to municipal police departments or to authorize or direct municipal police officers to execute or serve any criminal process issued by courts of this state. I therefore conclude that a sheriff is not authorized by law to direct a municipal police department or the municipal police to execute or serve any criminal process issued by the state's courts. As discussed above, s 30.15(1), F.S., imposes on the sheriff (either in person or by his deputies), the duty to execute the criminal process of the state courts and ss30.15(1) and 901.04, F.S., when read together, direct that arrest warrants or any other criminal process issued by the state courts be executed or served only by the sheriff or his deputies. The general rule which is followed by courts in this state is that:
 [I]n the absence of statutory authority, a public officer cannot delegate his powers, even with the approval of a court. An officer, to whom a power of discretion is intrusted, cannot delegate the exercise thereof except as prescribed by statute. . . .
67 C.J.S. Officers s 194. See, State v. Inter-American Center Authority, 84 So.2d 9 (Fla. 1955); Nicholas v. Wainwright,152 So.2d 458 (Fla. 1963). And see, AGO's 68-6, 68-44, 73-380, 74-57, 74-116. Further, it is settled law in this state that constitutional county officers have no inherent powers and have only such authority as may be expressly granted by statute or necessarily implied from an express statutory grant of authority or imposition of duty. See generally, 67 C.J.S. Officers ss 190, 192. See, e.g., Lang v. Walker, 35 So. 78, 80 (Fla. 1903); White v. Crandon, 156 So. 303, 305 (Fla. 1934); Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944); AGO's 75-161, 78-46. These rules apply to sheriffs who, with respect to the subject matter of your question, are expressly granted the authority and upon whom the duty is imposed to serve criminal process and who are not statutorily authorized to delegate this power or duty.
*3168 However, with regard to criminal summonses, s 901.10, F.S., provides that such a summons shall be served in the same manner as a summons in a civil action, that is, service by the sheriff or a special process server (as set forth in s 48.021, F.S.). Section48.021(2), F.S., provides for appointment by the sheriff of each county of as many special process servers as he in good faith deems necessary and who meet the requirements of s 48.021, F.S., to serve at the pleasure of the sheriff. While it appears that the sheriff might appoint (in his or her individual, unofficial capacities) individual police officers to serve civil process and, pursuant to s 901.10, F.S., criminal summons under the authority granted in s 48.021, F.S., neither statute authorizes the sheriff to "direct the municipal police department to serve . . . criminal summons" nor do they empower the sheriff to unilaterally and effectively authorize any individual police officer who might be appointed as a process server under s 48.021, F.S., to act as and perform the function of a special process server during either "on duty" or "off duty" hours absent the official authorization or approval of the governing body of the municipality or the chief of police if he or she is duly authorized to give such approval on behalf of the municipality.
In conclusion, it is my opinion that a municipal police officer is not authorized by law to execute or serve arrest warrants or any other criminal process issued by state courts and a sheriff is not authorized by law to delegate his duty to execute the criminal process of the state courts or to authorize or direct a municipal police department or a municipal police officer to execute or serve such process.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General