Mr. Leonard L. Melton, Jr. Interim Executive Director Department of General Services The Larson Building Tallahassee, Florida 32301
Dear Mr. Melton:
This is in response to a request from the predecessor executive director of your department, now deceased, for an opinion on the following questions:
 1. DOES CHAPTER 83-160, LAWS OF FLORIDA, EFFECTIVE OCTOBER 1, 1983, GIVE COUNTIES AND CITIES MINIMUM BUILDING CODE ENFORCEMENT AUTHORITY OVER STATE THRESHOLD BUILDING PROJECTS AND REQUIRE STATE AGENCIES TO OBTAIN BUILDING PERMITS FROM COUNTIES AND CITIES AND PAY BUILDING PERMIT FEES?
 2. IF THE ANSWER TO QUESTION ONE IS IN THE NEGATIVE, ARE STATE AGENCIES AUTHORIZED IN THEIR DISCRETION, IF THEY SO DESIRE ALTHOUGH NOT REQUIRED TO DO SO, TO OBTAIN BUILDING PERMITS FROM COUNTIES AND CITIES, PAY THE BUILDING PERMIT FEES AND THUS OBTAIN THE INSPECTION SERVICES FROM THE COUNTIES AND CITIES, AND WOULD SUCH PAYMENT BE A LEGAL EXPENDITURE OF PUBLIC FUNDS?
 3. WHAT IS THE AUTHORITY OF STATE AGENCIES IN RELATION TO THE ABOVE PROBLEMS BEFORE THE EFFECTIVE DATE OF CHAPTER 83-160?
 QUESTION ONE
Part VI of Ch. 553, F.S., the Florida Building Codes Act, relating to building construction standards, provides a mechanism for the promulgation, adoption and enforcement of state minimum building codes in Florida. Section 553.73(1), F.S. (1982 Supp.), requires each unit of local government and state agency with building construction regulation responsibilities to adopt one of the State Minimum Building Codes as its building code which shall regulate every type of building or structure wherever such building or structure is situated in the code enforcement jurisdiction. As a general proposition, the Department of General Services has jurisdiction over the construction of state buildings. See, s255.25, F.S. Subsection (6) of s 553.73, F.S., provides that "[t]he specific model code of the State Minimum Building Codes adopted by a municipality, county, or state agency shall regulate every type of building or structure, wherever it might be situated in the code enforcement jurisdiction . . . ." (e.s.) Section553.79(1), F.S., makes it unlawful for any person, firm, or corporation to construct, erect, alter, repair or demolish any building within the state without first obtaining a permit therefor from the appropriate enforcing agency. See also, s553.80(1), F.S., which makes it the responsibility of each state agency with statutory authority to regulate building construction to enforce the building code adopted by such body in accordance with s 553.73, F.S.; subsection (5) of s 553.73, F.S., (1982 Supp.), which in pertinent part, makes it the responsibility of each state agency with statutory authority to regulate building construction to enforce the specific model code adopted by that state agency in accordance with the provisions of s 553.80, F.S.; and see, s 255.25(1), F.S. (1982 Supp.), providing that no state agency shall construct a building for state use unless prior approval of the architectural design and preliminary construction plans is first obtained from the Division of Building Construction and Property Management of the Department of General Services.
In summary, these several provisions of the Florida Statutes require a state agency with building construction regulation responsibilities, generally the Department of General Services, to adopt one of the State Minimum Building Codes, regulate building construction and issue building permits for state-owned buildings, and enforce the building code adopted by that state agency. Thus, in AGO 75-170, it was the opinion of this office that Indian River County was not authorized or required to enforce the provisions of the Interim State Building Code or State Minimum Building Codes adopted pursuant to Part VI of Ch. 553, F.S. (1974 Supp.), against the buildings of the state or its agencies. The conclusion of this opinion was based on the reasoning that the Florida Building Codes Act, Part VI of Ch. 553, F.S., appears to contemplate a division of jurisdiction, and that since as a general proposition the Department of General Services has jurisdiction over the construction of state buildings, it was "apparently the responsibility of the Department of General Services and not local governmental units to enforce the provisions of the Interim Building Code and the State Minimum Building Codes against state buildings, wherever located." Accord, AGO 71-75 (Dade County not authorized or required to enforce the provisions of the Florida Electrical Code against public buildings of the state or of a state agency); AGO 76-114 (the jurisdiction and responsibility of the state Department of General Services to enforce the provisions of the Interim State Building Code and the State Minimum Building Codes against state buildings wherever located exempts state buildings from a municipality's building regulations). Compare, AGO 82-24 (reaching the opposite conclusion for special districts building within the jurisdictional boundaries of the municipality).
*3006 Furthermore, a municipality or county could not, by ordinance, subject building construction of the state or one of the state agencies to local building regulations since to do so would directly conflict with the provisions of Ch. 553, F.S., as amended, vesting in the state the regulatory power and responsibility for building construction. See, City of Miami Beach v. Rocio Corp., 404 So.2d 1066, 1069, 1070 (3 D.C.A.Fla., 1981), pet. for rev. den., 408 So.2d 1092 (Fla. 1981), wherein the court stated that "[o]ne impediment to constitutionally derived legislative powers of municipalities occurs when the municipality enacts ordinances which conflict with state law. . . . Municipal ordinances are inferior to state law and must fail when conflict arises." The court went on to reason that "[a]lthough legislation may be concurrent, enacted by both state and local governments in areas not preempted by the state, concurrent legislation enacted by municipalities may not conflict with state law." See also, Campbell v. Monroe County, 426 So.2d 1158 (3 D.C.A.Fla., 1983); Edwards v. State, 422 So.2d 84 (2 D.C.A.Fla., 1982); State v. Redner, 425 So.2d 174 (2 D.C.A.Fla., 1983).
Against this background, you question whether Ch. 83-160, Laws of Florida, gives counties and cities the authority to enforce their building codes against "threshold buildings" constructed as a state building project and to require state agencies to obtain building permits and pay such permit fees as set by the city or county. I have examined the provisions of Ch. 83-160, Laws of Florida, and discern no legislative intent, either express or implied, to subject state-owned buildings to local building codes or require state agencies having building construction responsibilities to obtain a local building permit or pay the fees therefor. Section 8 of Ch. 83-160 adds a subsection to s 553.71, F.S., defining a "threshold building" to mean:
 any building or structure which has a total floor area exceeding 25,000 square feet, which is greater than 2 stories or 25 feet in height, which has an assembly occupancy greater than 5,000 square feet, or which is of unusual design or construction as determined by the building official, except residential structures 3 stories or less in height and any building defined in s. 481.203(7), or s. 481.229.
Section 10 of Ch. 83-160 amended subsection (2) of s 553.79, F.S. (1982 Supp.), to provide: "The enforcing agency shall issue a permit to construct, erect, alter, repair, or demolish any building for which the plans and specifications for such proposal comply with the provisions of the State Minimum Building Codes." (e.s.) Section 10 of Ch. 83-160 also adds subsections (5), (6), and (7) to s 553.79, F.S., which refer to "enforcing agency" or where limited to "local enforcement agency." This latter term is defined by subsection (3) of s 553.71, F.S. (1982 Supp.), to mean "the agency of local government with authority to make inspections of buildings and to enforce the codes which establish standards for construction, alteration, repair, or demolition of buildings." The term "enforcing agency," on the other hand, would appear to include state agencies with building construction regulation responsibilities. See specifically, subsection (5) of s 553.73, F.S. (1982 Supp.), which provides that "[i]t shall be theresponsibility of each municipality and county in the state and of each state agency with statutory authority to regulatebuilding construction to enforce the specific model code of the State Minimum Building Codes adopted by that municipality, county, or agency, in accordance with the provisions of s. 553.80." (e.s.) Thus, the legislative intent as manifested by Part VI of Ch. 553, F.S., as amended, and continued in Ch. 83-160, Laws of Florida, does not appear to give units of local government or local enforcement agencies building code enforcement over state threshold building projects nor give local governments or local enforcing agencies the authority to require state agencies to obtain building permits and pay building permit fees.
The only apparent exception to this general position is contained in s 10 of Ch. 83-160, Laws of Florida. This section added subsection (7) to s 553.79, F.S., to provide that "[e]ach localenforcement agency shall require that on all threshold buildings" certain requirements be fulfilled. For example, paragraph (a) of this new subsection provides that "[t]he owner, upon completion of the building, [shall] file a certificate with the local enforcement agency, prepared by an architect or engineer, certifying that, to the best of his knowledge, the construction complies with the applicable codes and the intent and design specified in the permitted documents." This provision expressly applies to all threshold buildings with no exceptions, and in the absence of legislative direction otherwise, I am unable to state that a state agency with threshold building responsibilities does not have to comply with the provisions of s 553.79(7), F.S. 1983, added by s 10 of Ch. 83-160, Laws of Florida. However, this new provision has nothing to do with the inspection of threshold buildings or the enforcement of minimum building codes against the threshold building. This provision would not therefore change prior opinions of this office in regard to your question. Therefore, I must conclude that the provisions of Ch. 83-160, Laws of Florida, do not authorize or require municipalities and counties to enforce the State Minimum Building Codes against state threshold building projects or to require state agencies to obtain municipal or county building permits and pay city or county building permit and inspection fees.
QUESTION TWO
Your second question is also answered in the negative. A state agency has only that authority and power which is provided by statute and where there is a question as to the lawful existence of a particular power it should not be exercised or if such power is being exercised, the further exercise of that power should be halted. See, e.g., Edgerton v. International Company, 89 So.2d 488
(Fla. 1956); State ex rel. Florida State Board of Dentistry,297 So.2d 628 (1 D.C.A.Fla., 1974), cert. dismissed, 300 So.2d 900
(Fla. 1974). And see, Williams v. Florida Real Estate Commission,232 So.2d 239 (4 D.C.A.Fla., 1970) (administrative agencies are creatures of statutes; their powers are special and limited, being only those which are legally conferred upon them by the statutes, expressly or impliedly, for the purpose of carrying out the aims for which they were established); Florida State University v. Jenkins, 323 So.2d 507 (1 D.C.A.Fla., 1975) (the powers and authority of administrative boards, commissions and officers are limited to those granted expressly or by necessary implication, by the statute of their creation); 73 C.J.S. Public AdministrativeBodies and Procedures ss 48 and 59. See also, AGO 81-27 (Department of Revenue without authority to take title, hold mortgages on, accept assignments of negotiable instruments payable to, or accept interests in other properties owned by a bankrupt, a bankrupt estate or held by a trustee in bankruptcy, in order to secure payment on delinquent taxes); AGO 75-120 (no authority for the Division of Tourism and Economic Development to purchase transportation, meals, accommodations, and other similar items for potential investors, tourism officials and the like or to sponsor special meetings and events by financially contributing to the expenses of such events).
Moreover, in the absence of statutory authorization, the Department of General Services cannot delegate its power and duty to supervise the construction of state buildings and to enforce the building code adopted for the construction of state buildings. See, Nicholas v. Wainwright, 152 So.2d 458 (Fla. 1963); State v. Inter-American Center Authority, 84 So.2d 9
(Fla. 1955); Cf., AGO's 76-52, 75-306, 74-116, 73-380. While s255.30, F.S., authorizes the Department of General Services to delegate to state agencies its supervisory authority relating to the construction of fixed capital outlay projects, no authority is granted to the department to delegate such responsibility to units of local government or local enforcing agencies.
It is therefore my opinion that in the absence of legislative authorization, either express or necessarily implied, and I discern none, the Department of General Services is not empowered to delegate its power and duty to supervise the construction of state buildings and to enforce the state building code adopted for the construction of state buildings and neither the department nor other state agencies are authorized or empowered to, in their discretion, obtain building permits from counties and cities and pay the building permit fees and thus obtain the inspection services from the counties and cities.
QUESTION THREE
Since Ch. 83-160, Laws of Florida, does not alter the authority of the Department of General Services or other state agencies in relation to building code enforcement responsibilities nor vest local enforcement agencies with any additional enforcement powers over state-owned buildings, the power and authority of the Department of General Services or other state agencies relating to the construction and regulation of state buildings and the enforcement of the building code adopted for the construction of state buildings remains the same as before the effective date of Ch. 83-160.
In summary, it is my opinion, until and unless judicially determined to the contrary, that Ch. 83-160, Laws of Florida, does not authorize or require municipalities and counties to enforce the State Minimum Building Codes against state threshold building projects or to require state agencies to obtain municipal or county building permits and pay municipal or county building permit and inspection fees; the Department of General Services is not empowered to delegate its power and duty to supervise the construction of state buildings to units of local government and neither the department nor other state agencies are statutorily authorized or empowered to, in their discretion, obtain building permits from cities and counties and pay building permit fees and thus obtain inspection services from the counties and cities or local enforcement agencies or to expend public funds therefor; the authority of the Department of General Services or other state agencies relating to the construction and regulation of state buildings and the enforcement of the building code adopted for the construction of state buildings remains the same as before the effective date Ch. 83-160, Laws of Florida.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General