Mr. Stephen W. Fisk Attorney for Holiday Park Park and Recreation District 217 South Nassau Street Venice, Florida 33595
Dear Mr. Fisk:
This is in response to your request for an opinion on substantially the following question:
 MAY THE CITY OF NORTH PORT, FLORIDA, ENACT A CITY ORDINANCE ADOPTING THE RULES PROMULGATED BY HOLIDAY PARK PARK AND RECREATION DISTRICT GOVERNING THE USE OF THE FACILITIES OF THIS DISTRICT, THEREBY ALLOWING ENFORCEMENT OF SUCH RULES BY THE CITY POLICE AND THE COUNTY COURT?
Your letter of inquiry notes that the Board of Trustees of the Holiday Park Park and Recreation District is in the process of promulgating rules and regulations governing the use of facilities within the district. You state that the governing board of the district wishes to use the City of North Port Police Department and the Sarasota County Court for enforcement of the district's rules and regulations.
Although the district's enabling legislation authorizes the promulgation of such rules, it does not set forth procedures for enforcement; neither does Ch. 81-441, Laws of Florida, authorize or prescribe any penalties of any nature for violation of the rules adopted by the district. Thus, you have asked if the City of North Port may enact an ordinance adopting the rules promulgated by the district so that such rules may be enforced by the city and by the county court.
Chapter 81-441, Laws of Florida, created the Holiday Park Park and Recreation District as a special taxing district encompassing all of the residential lands in Holiday Park Subdivisions located within the City of North Port. Chapter 81-441 operates to establish the district as an independent, not a dependent, special district, and does not provide for the City of North Port to be involved in the affairs or operations of the district. See, ss 1, 3, 7, 8, 12, 13, and 22 of Ch. 81-441, Laws of Florida. Section 14 of Ch. 81-441 limits the use of the district's facilities and property to property owners within the district, their family members and guests and such other persons and groups as the district governing board may authorize from time to time. Section 15 provides that the governing board of the district shall supervise all real and personal property owned by the district and subsection (g) authorizes the board to promulgate reasonable rules and regulations governing the use of facilities of the district but, as noted above, makes no provision for enforcement, does not expressly authorize the district's governing board to enforce such rules, and does not prescribe any penalties for the violation of such rules and regulations. Compare, s 418.22(8), F.S. (providing that a recreation district created under s 418.20 may adopt and enforce rules for the use of its recreational facilities). A municipality derives no authority from s 2(b), Art. VIII, State Const., or s 166.021, F.S., to administer the affairs of an independent special district or to adopt and enforce any rules governing the affairs or operations of such districts or the use of the facilities and property of such separate and independent units of local government. Moreover, in the absence of any provision in the district's enabling statute prescribing any penalty for the violation of rules adopted by the governing board of the district, I am of the opinion that s 18, Art. I, State Const., prohibits the board from imposing any penalty for violation of any rule adopted or promulgated by the board.
Section 18 of Article I of the Constitution provides that "No administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law." (e.s.) As stated in 2 C.J.S. Administrative at p. 80, an administrative agency is an organ of government other than a court and other than a legislature which affects rights of private parties through either adjudication or rule making. 1 Fla.Jur.2d Administrative Law s 4 defines the term to signify a public official or body possessing administrative authority conferred by law and it describes a governmental officer, board, commission, department or other such body (other than the courts or legislatures) having the power to make rules or regulations which directly affect the rights of private persons. The language of s 18, Art. I, State Const., is broad and comprehensive and the unqualified use of the term "administrative agency" dictates that it be construed to encompass all kinds of "administrative agencies" falling within the comprehensive scope of the term, including boards such as the board of trustees of this park and recreation district. See, Florida State Racing Commission v. McLaughlin, 102 So.2d 574 (Fla. 1958); State v. City of Jacksonville, 50 So.2d 532 (Fla. 1951); Florida Industrial Commission v. Growers Equipment Co., 12 So.2d 889 (Fla. 1943). Therefore, any penalty imposed by the governing board of this park and recreation district must be "as provided by law." Section 18, Art. I, State Const. The term "by law" as used in the constitutional provisions means an enactment of the State Legislature not by the district's governing authority. Grapeland Heights Civic Association v. City of Miami, 267 So.2d 321, 324
(Fla. 1972). Compare, AGO 79-109 concluding that a charter county does not have the authority to enact an ordinance providing for the imposition of civil penalties by county agencies or purporting to authorize a county consumer protection board to impose a civil penalty for violation of that board's cease and desist orders; and see, Broward County v. Plantation Imports, Inc., 419 So.2d 1145 (4 D.C.A. Fla., 1982). Since the Legislature has not enacted any state law prescribing any penalty for violation of any rule or regulation promulgated by the district's governing board nor made any provision for the enforcement of any rule promulgated by that board, neither the *3001 district board nor any other unit of government may by any means impose any penalty for violation of such rules or enforce the same.
As above noted, the City of North Port is devoid of any power to participate in or exercise any control over the governance of this district or its affairs or operations. It would seem to follow that the city is without authority to adopt and enforce any rule promulgated by the district's board of trustees governing the use of the district's facilities and property by the property owners within the district and their families and guests. Chapter 81-441, Laws of Florida, does not delegate or authorize the district's governing authority to delegate such authority to the city, and the district cannot confer such authority on the city by means of any contrivance or procedure. Absent statutory authority therefor, public officers cannot delegate their powers. See, State v. Inter-American Center Authority, 84 So.2d 9 (Fla. 1955); Nicholas v. Wainwright, 152 So.2d 458 (Fla. 1963); see generally, 67 C.J.S. Officers s 194. Cf., AGO 83-28. While s 4 of Article VIII, State Const., authorizes the district to transfer any function or power to the city or contract with the city to perform any function or power after approval by vote of the electors of the district and of the city, see, AGO 83-66, there exists no power to prescribe any penalty for the violation of any rule or regulation promulgated by the governing board of the district or to enforce any rule or regulation governing the use of the facilities and property of the district which may be so transferred to or contracted to be performed by the city.
In summary, based on the foregoing constitutional and statutory provisions and authorities, I therefore conclude that the City of North Port is without power to participate in or exercise any control over the governance of the Holiday Park Park and Recreation District or its affairs or operations or to adopt and enforce rules promulgated by the district's governing board of trustees governing the use of the district's facilities and properties by the property owners within the district and their families and guests.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General