THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* OLIVER A. QUAYLE, Appellant.

County Court, Albany County, February (Received March, 1924).

Crimes — violation of ordinance regulating speed of motor vehicles — zone of limited speed under Highway Law, section 288 — signs apprising motorists of zone must be placed opposite each other on both sides of highway at point where speed limit is reduced or changed — when ordinance deemed invalid.

Compliance with the requirements of section 288 of the Highway Law that " signs of sufficient size to be easily readable by a person using the highway " to warn users of the highway that they are about to enter a zone of limited speed and to apprise them of the maximum speed at which they may travel within such zone, is absolutely essential to the validity of an ordinance regulating the speed of motor vehicles, passed pursuant to the authority conferred by said section of the Highway Law, and to accomplish the statutory purpose it is imperative that the signs be placed opposite each other on both sides of the highway at a point where the speed limit is reduced or changed.

Where an ordinance prescribes that " no motor vehicles shall be operated within the village of Colonie at a greater rate of speed than one mile in three minutes," and makes every violation thereof a misdemeanor punishable by a fine of not less than ten dollars, the ordinance is void because the punishment prescribed is in excess of that prescribed by section 290(2) of the Highway Law, which leaves the minimum punishment to the discretion of the court.

APPEAL from conviction in Police Justice's Court for violation of village ordinance.

*Hun, Parker & Reilly* (*K. S. MacAffer* and *M. D. Reilly,* of counsel), for appellant.

*Charles J. Herrick,* district attorney (*David Wanger,* second assistant district attorney, of counsel), for respondent.

*Robert H. McCormick, amicus curiæ.*

GALLUP, J.   The defendant was convicted by the police justice of the incorporated village of Colonie for violation of the village ordinance which prescribes that " no motor vehicles shall be operated within the village of Colonie at a greater rate of speed than one mile in three minutes."

The ordinance further provides that " every person violating this provision shall be guilty of a misdemeanor, and shall be punishable by a fine of not less than ten nor more than one hundred dollars."

It is claimed by the People that this ordinance was passed in conformity to the authority given by section 288 of the Highway Law, which reads in part as follows:

" The local authorities of * * * cities and incorporated villages may, subject to the provisions of this section and the following section, limit by ordinance, rule or regulation, the speed of motor vehicles on the public highways, such speed limitation not to be in any case less than one mile in four minutes, * * * and on further condition that each city or village shall have placed conspicuously within fifteen feet of the traveled portion of each main public highway where the city or village line crosses the same, or at a point within the limits of such city or village on such highway, and within fifteen feet of the traveled portion of every main highway where the rate of speed changes, on posts on both sides of the highway, at the point where the speed limit is reduced or changed, signs of sufficient size to be easily readable by the person using the highway, the top of which shall not be more than eight feet nor less than six feet from the ground, bearing in letters six inches high, the words ' City of...... ' or ' Incorporated Village of...... ' ' Slow down to......miles ' (the rate being inserted), and also an arrow pointing in the direction where the speed is to be reduced or changed, and also on further condition that such ordinance, rule or regulation, shall fix the punishment for violation thereof, which punishment shall, during the existence of the ordinance, rule or regulation, supersede those specified in subdivision two of section two hundred and ninety of this chapter but, except in cities of the first or second class shall not exceed the same."

The main state highway connecting Albany and Schenectady runs for a distance of about two and two-tenths miles through the incorporated village of Colonie, and it is upon the portion of this public highway which is within the village limits that the village authorities have attempted to limit the speed of motor vehicles to twenty miles an hour.

Signs of the required size and height have been placed on both sides of the highway, and opposite each other, at the easterly

boundary line of the village at the point where the village line crosses the same, in substantial compliance with the requirements of section 288 of the Highway Law, but it is contended by the defendant that the signs placed at the westerly boundary line of the village do not meet the statutory requirements in relation to their location.

At the westerly boundary line of the village the village line does not cross the highway at right angles but takes a diagonal course from the southerly side to the center thereof, and from thence for a distance of about 1,600 feet it follows the center line of said highway, from which point it crosses the remaining portion substantially at right angles. At this end of the village a sign is placed on the southerly side of the highway adjacent to the point where the village line commences to cross the same, but there is no sign on the northerly side at this point, the first sign on that side being located about 1,600 feet easterly from the sign on the southerly side, and adjacent to the point where the village line completes its crossing of the highway.

It is the defendant's contention that section 288 of the Highway Law requires that the signs at both ends of the village shall be placed not only on both sides of the highway but also opposite each other. If that be the correct construction of the section, its requirements have not been met by placing the signs at the westerly end of the village in the location in which they are. Compliance with the requirements of said section with respect to the location of signs is absolutely essential to the enforcement of the ordinance in question.

The legislature, by section 288 of the Highway Law, conferred authority upon certain cities and incorporated villages to limit the rate of speed within the entire limits of such cities and villages, or within such portion thereof as they might by ordinance prescribe. Immediately following those provisions and as a part of the same sentence, separated only by a comma, the requirements as to the location of the necessary signs are set forth in the following language, " on posts on both sides of the highway at the point where the speed limit is reduced or changed." From the position in the section of the language last above quoted, and the punctuation, it seems clear that it necessarily relates to all that precedes it in the same sentence relating to signs, and that the legislature intended to require that the signs be placed on both sides of the highway, *at the point where the speed limit is reduced or changed,* regardless of whether such point be where the city or village line crosses the highway or a point within the limits of such city or village.

39

" On both sides of the highway at the point where the speed limit is reduced or changed " necessarily means at opposite points, unless the speed is not reduced or changed on both sides of the highway at the same point, and it would be unreasonable to assume that the legislature contemplated, or intended, by the language used, to authorize one rate of speed for one side of a highway, and another and different rate for the other side.

In order to ascertain the intent of the legislature, it is proper to consider the purpose of the requirements which must be complied with by cities and villages that pass ordinances regulating the speed of motor vehicles pursuant to the authority contained in section 288, and it is not difficult to perceive that the purpose in requiring the placing of signs is to warn users of the highway that they are about to enter a zone of limited speed, and to apprise them of the maximum speed at which they may travel within such zone. This purpose is clearly indicated by such language found in the section in question as " shall have placed conspicuously," " signs of sufficient size to be easily readable by a person using the highway." To accomplish that purpose it would seem to be imperative that the signs be placed opposite each other on both sides of the highway, at the point where the speed limit is reduced or changed.

A traveler proceeding in the direction of Albany who when he passed the point where the westerly boundary line of the village of Colonie commences to cross the highway from the southerly side of the same, and where the sign is placed on the right side of the highway, should have his attention directed to the left side of it, would not be warned by the sign on his right that he was entering a zone of limited speed, and if before he had traveled the distance of 1,600 feet to the point where the sign on the left side of the highway is placed, he should shift his gaze to the right side of it, he would not be warned by the sign on his left that he was entering a zone of limited speed, and he might find himself unintentionally violating the speed limit fixed by the ordinance in question, and without knowing that he was traveling within a zone of limited speed, while if the signs had been placed on both sides of the highway at opposite points, no matter on which side of the highway the operator of the motor vehicle might be looking at the time he passed the signs, they would serve as a warning that he was entering a zone of limited speed.

The appellant urges as a further ground for reversal that the ordinance in question is void for the reason that it exceeds the authority conferred upon cities and villages by section 288 of the Highway Law, in that the punishment provided for in the ordinance

exceeds that permitted by said section, which provides that the ordinance, rule or regulation shall fix the punishment for violation thereof, which punishment shall supersede those specified in subdivision 2 of section 290 of the Highway Law, but except in cities of the first and second class shall not exceed the same.

Subdivision 2 of section 290 provides for a maximum fine of one hundred dollars which is the same as the maximum provided for in the ordinance of the village of Colonie, but subdivision 2 of section 290 fixes no minimum, which has been construed generally to leave the minimum to the discretion of the court, while the ordinance in question fixes a minimum fine of not less than ten dollars.

The question presented is whether an ordinance which prescribes as punishment for its violation a minimum fine of ten dollars fixes a punishment in excess of a statute which provides for the same maximum fine but no minimum. In the one case, upon conviction, the court could impose a fine of any sum less than one hundred dollars, while in the other the court is powerless, upon conviction, to impose a fine of less than ten dollars.

I think it is clear that the ordinance in question which fixes a minimum fine of ten dollars as the penalty for its violation prescribes a punishment in excess of the statute which fixes no minimum, but leaves that to the discretion of the court. The village of Colonie, therefore, exceeded its authority in fixing the punishment for violation of the ordinance in question, and it is void.

Other grounds for reversal are urged by the appellant which it is unnecessary to consider by reason of the views expressed with regard to the questions discussed herein.

For the reasons above stated, the conviction should be reversed and the fine remitted.

*Judgment accordingly.*