# RIVERA v STATE ex. rel., CITY OF JACKSONVILLE
## Case No. 88-9 AP
Fourth Judicial Circuit, Duval County

October 6, 1988

### APPEARANCES OF COUNSEL

**James T. Miller,** Assistant Public Defender, for appellant.

**Andrew K. Kantor,** Assistant State Attorney and **Peter G. Gioia,** Legal Intern, for appellee.

### OPINION OF THE COURT

LAWRENCE D. FAY, Circuit Judge.

This appeals involves the facial constitutionality of Municipal Ordinance 614.107, City of Jacksonville, Loitering For The Purpose of Prostitution (Municipal Ordinance 614.107) and the legality of its 90 days in jail penalty. Appellant contends the ordinance is overbroad and

vague and prohibits activities protected by the First Amendment. Appellant also contends Municipal Ordinance 614.107 is unconstitutional under *Johnson v Carson,* 569 F.Supp. 974 (M.D. Fla. 1983). The United States District Court in *Johnson v Carson, supra,* decided the previous City of Jacksonville Loitering for the Purpose of Prostitution Ordinance, 330.107, was overbroad in violation of the First Amendment. After the United States District Court invalidated Municipal Ordinance 330.107, The City of Jacksonville enacted Municipal Ordinance 614.107. The new Loitering for the Purpose of Prostitution Ordinance simply removed the portions found invalid in *Johnson v Carson, supra;* the new ordinance also redefined what constituted loitering for the purpose of prostitution.

The text of Municipal Ordinance 330.107 was as follows:

(a) It shall be unlawful and a class D offense for any person to loiter in or near any thoroughfare, street, highway, or place open to the public in a manner and under circumstances manifesting the purpose of inducting, enticing, soliciting, or procuring another to commit an act of prostitution, lewdness, or assignation.

(b) Among the circumstances which may be considered in determining whether this purpose is manifested are that such a person (1) is a known prostitute, pimp, or sodomist; (2) repeatedly beckons to, stops or attempts to stop or engages passersby in conversation; or (3) repeatedly stops or attempts to stop motor vehicle operators by hailing, waving of arms or any bodily gesture.

(c) No arrest shall be made for a violation of this subsection unless the arresting officer first affords such person an opportunity to explain his conduct, and no one shall be convicted of violating subsection (a) if it appears at trial that the explanation given was true and disclosed a lawful purpose.

(d) For the purpose of subsections (a) and (b) the following words shall have the following meanings:

(1) Prostitution shall mean the giving or receiving of the body for sexual intercourse for hire or the giving or receiving of the body for licentious sexual intercourse without hire.

(2) Lewdness shall mean sodomy, cunnilingus, fellation, masturbation or analingus.

(3) Assignation shall mean the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.

(4) Known prostitute, pimp or sodomist shall mean any person who,

within one year previous to the date of arrest for violation of this section, has within the knowledge of the arresting officer been convicted of violating any ordinance of the City or law of Florida or any state defining and punishing acts of soliciting, committing or offering or agreeing to commit prostitution, lewdness, or assignation.

The text of Municipal Ordinance 614.107 is:

(a) It shall be unlawful and a Class D offense for a person to loiter in or near a thoroughfare, street, highway or place open to the public in a manner and under circumstances manifesting the purpose and intent of inducing, enticing, soliciting or procuring another to commit an act of prostitution, lewdness or assignation.

(b) In order for there to be a violation of this section, the person's affirmative language or conduct must be such as to demonstrate by its express or implied content or appearance a specific intent to induce, entice, solicit or procure another to commit an act of prostitution, lewdness or assignation.

(c) For the purpose of this section:

(1) assignation means the making of an appointment or engagement for prostitution or lewdness or an act in furtherance of such an appointment or engagement.

(2) lewdness shall mean sodomy, cunnilingus, fellation, masturbation or analingus.

(3) prostitution shall mean the giving or receiving the body for sexual intercourse for hire or the giving or receiving of the body for licentious sexual intercourse without hire.

(d) If any clause, section or other part of this section shall be held invalid or unconstitutional by any court of competent jurisdiction, the remainder of this section shall not be affected thereby, but shall remain in full force and effect.

Appellant essentially argues that Municipal Ordinance 614.107 did not correct the constitutional deficiencies of Municipal Ordinance 330.107. Appellee argues that Municipal Ordinance 614.107 is constitutional because the ordinance serves the legitimate purpose of stopping prostitution and Appellant lacks standing to challenge the facial validity of Municipal Ordinance 614.107. Before the Court considers the substantive constitutional issues, it must first address the issue of standing.

Appellant does not claim that Municipal Ordinance 614.107 is unconstitutional as applied to her. She concedes that her conduct could

be illegal under a constitutional statute. However, Appellant contends that Municipal Ordinance 614.107 is overbroad on its face, *i.e.,* it could prohibit a substantial amount of First Amendment activities. *See Broadrick v Oklahoma,* 413 U.S. 601, 93 S.Ct. 1908, 37 L.Ed.2d 830 (1973). In *Johnson v Carson, supra,* the District Court found that the prior Loitering for the Purpose of Prostitution Ordinance could potentially effect a significant amount of First Amendment activity. 569 F.Supp. at 976-978. Consequently, the nature of the conduct in that case was irrelevant and the Appellant had standing to challenge the facial validity of Municipal Ordinance 330.107. Similarly, the Court finds Municipal Ordinance 614.107 potentially effects a significant amount of First Amendment activity and Appellant has standing to challenge the facial overbreadth of Municipal Ordinance 614.107. Appellee additionally argues that Appellant lacks standing to challenge the facial vagueness of Municipal Ordinance 614.107. The Court need not reach that issue because the question of overbreadth is dispositive of this appeal.

The operative language of Municipal Ordinance 614.107 is:

"In order for there to be a violation of this section, the person's affirmative language or conduct must be such as to demonstrate by its express or implied content or appearance a specific intent to induce, entice, solicit or procure another to commit an act of prostitution, lewdness or assignation."

The problem with Municipal Ordinance 614.107, as with the prior Municipal Ordinance 330.107, is how does a police officer or court determine whether a person's language or conduct demonstrates by its implied *content* or *appearance* the intent to commit prostitution? In *Johnson v Carson, supra,* the District Court found the Jacksonville Loitering for the Purpose of Prostitution Ordinance, Municipal Ordinance 330.107, could lead to innocent activities being confused for the appearance of illegal prostitution activities. For example, either a known prostitute or a person in an area known for prostitution could be arrested for hitchhiking, getting into a car with another person, walking up to a van or waving at passing cars. *See* 569 F.Supp. at 978. All these innocent protected activities could be mistaken for Loitering for the Purpose of Prostitution because their express or implied content or appearance would suggest the person is loitering for the purpose of prostitution.

Municipal Ordinance 614.107 is facially overbroad because it does not contain guidelines to distinguish innocent loitering from loitering for the purpose of prostitution. Municipal Ordinance 330.107 at least

contained several guidelines to determine whether the loitering was for the purpose of prostitution—known prostitute who repeatedly beckons to, stops or attempts to stop or engages passersby in conversation or repeatedly stops or attempts to stop motor vehicle operators by hailing, waving arms or any bodily gesture. See M.O. 330.107(b),(d)(4). Municipal Ordinance 614.107 removed these provisions because they were found to be overbroad in *Johnson v Carson, supra.* The new provisions of 614.107 are even more overbroad because they contain no specific guidelines. Thus, Municipal Ordinance 614.107 permits arbitrary and capricious law enforcement because a police officer on the street will have to decide whether the appearance or content of certain conduct manifests the specific intent to commit prostitution. The Court cannot give a limiting construction to the language of 614.107 because it has already been limited by *Johnson v Carson, supra,* and is so vague it is not susceptible to a further clarifying construction. See *Gooding v Wilson,* 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972).

The overly-broad sweep of Municipal Ordinance 614.107 affects the substantial constitutional rights of the general freedom of association with other people; *Coates v City of Cincinnati,* 402 U.S. 611, 91 S.Ct. 1686, 28 L.Ed.2d 214 (1971); the rights of freedom of movement, *Johnson v Carson,* 569 F.Supp. at 976, *Bykofsky v Bourough of Middletown,* 401 F.Supp. 1242 (M.D. PA. 1975); associating on the street corner, *Sawyer v Sandstrom,* 615 F.2d 311 (5th Cir. 1980); loitering, loafing and habitually wandering at night, *Papachristou v City of Jacksonville,* 405 U.S. 156, 91 S.Ct. 839, 31 L.Ed.2d 110 (1972). Any law which affects the free exercise of such fundamental rights must use the least intrusive means of achieving the legitimate interests of the State. *Shelton v Tucker,* 364 U.S. 479, 81 S.Ct. 147, 5 L.Ed.2d 231 (1960). The City of Jacksonville has a significant and compelling interest in stopping prostitution. See *Morgan v Detroit,* 389 F.Supp. 922 (D.C. Mich. 1975). The *Johnson v Carson, supra,* court found that the least intrusive means of achieving this interest was to enforce the State prostitution laws, Chapter 796 or the Breach of The Peace statute, Section 877.03, 569 F.Supp. at 979-80. This Court agrees that the enforcement of these laws would achieve the State interest without interfering with the exercise of First Amendment rights.

In summary, Municipal Ordinance 614.107 is unconstitutionally overbroad because it can prohibit protected First Amendment rights as well as illegal prostitution activities. The City of Jacksonville does not need a Loitering for the Purpose of Prostitution ordinance to achieve its worthy goal of stopping prostitution. The provisions of Chapter 796, with its provisions against solicitation, assignation and acts of prostitu-

tion, can be used to stop prostitution without violating the First Amendment. Additionally, the 90 day penalty provision is contrary to Florida law. *See Rinzler v Carson,* 262 So.2d 661 (Fla. 1972); *Edwards v State,* 422 So.2d 84 (Fla. 2d DCA 1982). The maximum penalty for such an ordinance is 60 days, because the maximum penalty for prostitution or loitering is 60 days under the applicable State statutes. Consequently, all the provisions including the penalty, of Municipal Ordinance 614.107, are unconstitutional and the Court finds them to be void.

Therefore, it is

ORDERED AND ADJUDGED:

That Municipal Ordinance 614.107 is unconstitutional on its face and Appellant's conviction thereunder is VACATED and SET ASIDE.

DONE AND ORDERED in Chambers, at Jacksonville, Duval County, Florida, this 6th day of October, A.D., 1988.