ON MOTION TO DISMISS
CAMPBELL, Judge.
Petitioner seeks review through an administrative appeal of an order of the respondents State Retirement Commission and Division of Retirement, Department of Administration, State of Florida.
Section 120.68(2), Florida Statutes (1981), provides for filing of a petition for review (notice of administrative appeal) either in the district court of appeal in the appellate district where the agency whose order is being reviewed maintains its headquarters or where the party resides. Petitioner filed his notice of administrative appeal in this court in the appellate district in which he resides. Motions to dismiss were filed on behalf of the respondents State Retirement Commission and the Division of Retirement. Both motions sought dismissal of petitioner’s notice of administrative appeal on the basis that section 121.23(3), Florida Statutes (1981), provides that orders of the State Retirement Commission “shall be reviewable by the district court of appeal in the appellate district where the Division of Retirement maintains its headquarters.” The headquarters of respondent, the Division of Retirement, is located in Tallahassee, and if section 121.23(3) is controlling, petitioner’s notice of appeal should have been filed in the First District Court of Appeal. While the motion to dismiss filed by the respondent State Retirement Commission sought to dismiss the appeal on an additional ground, we find it necessary to discuss only whether section 120.68(2) or section 121.23(3) controls as to the district in which the notice of administrative appeal should be filed, and in doing so deny both motions.
In denying respondents’ motions to dismiss, we find that section 120.68(2) has re *671 placed section 121.23(3) as the statute controlling where notices of administrative appeals from orders of the State Retirement Commission should be filed. The history and language of the Administrative Procedure Act, chapter 120, Florida Statutes (1981), makes it abundantly clear that the legislature intended it to be the uniform rulemaking and adjudicative procedure used by administrative agencies of the state unless express exceptions are made by statute.
Judge Robert Smith has an excellent discussion of the judicial remedies afforded by chapter 120 in State ex rel. Department of General Services v. Willis, 344 So.2d 580, 586 (Fla. 1st DCA 1977):
By Section 120.72(1), the 1974 Act gave notice that the judicial remedies it provided were to be regarded as comprehensive and exclusive:
“[I]t is the express intent of the legislature that the provisions of this act shall replace all other provisions in the Florida Statutes, 1973, relating to rulemak-ing, agency orders, administrative adjudication, or judicial review .... ” (emphasis added). Section 120.72(1), Florida Statutes (Supp.1974) and (1975).
In observing that section 120.72(1) replaced all other general statutes on judicial review, he also stated:
Neither may it be supposed that, by enacting Chapter 75-191, the legislature preserved from repeal the baffling array of disparate statutes which, before the 1974 Act, provided for review of action by certain agencies, but not others, by various means in various courts. Those statutes provided for certiorari review of licensing or other orders of the Board of Medical Examiners or the Board of Osteopathic Medical Examiners, in the appellate district where the hearing was held, Sections 458.123,459.141, Florida Statutes (1973); certiorari review of a license revocation order of the Board of Podiatry Examiners in the circuit court where the license was recorded, Section 461.10; review of an unspecified character of disciplinary orders of the Board of Nursing in the circuit court of Leon County, Section 464.21(6); certiorari review of license revocation orders of the Board of Professional Engineers and Land Surveyors in the circuit court where the Board maintains its headquarters, Section 471.28; review of an unspecified character of orders of Department of Insurance pertaining to liquified petroleum gas, in the District Court of Appeal, First District, Section 527.17; and so on. General statutes of that sort were “replaced” if not repealed by the 1974 Act, which provides:
“... it is the express intent of the legislature that the provisions of this act shall replace all other provisions in the Florida Statutes, 1973, relating to rulemaking, agency orders, administrative adjudication, or judicial review ...Section 120.72(1), Florida Statutes (Supp.1974), (1975) (emphasis added).
Id. at 587-88. To further emphasize its intention to make chapter 120 the exclusive remedy for review of agency actions, the legislature enacted chapter 78-95, Laws of Florida (1978), which further amended section 120.72 and added section 120.722.
Section 120.72(1)(a) now provides as follows:
The intent of the Legislature in enacting this complete revision of chapter 120 is to make uniform the rulemaking and adjudicative procedures used by the administrative agencies of this state. To that end, it is the express intent of the Legislature that chapter 120 shall supersede all other provisions in the Florida Statutes, 1977, relating to rulemaking, agency orders, administrative adjudication, licensing procedure, or judicial review or enforcement of administrative action for agencies as defined herein to the extent such provisions conflict with chapter 120, unless expressly provided otherwise by law subsequent to January 1, 1975, except for marketing orders adopted pursuant to chapters 573 and 601.
*672 Respondents argue that chapter 120 did not replace section 121.23(3) because section 121.23(3), though a part of Florida Statutes, 1977, was enacted in July, 1975 thus coming within the exception of section 120.72(1) as being “provided otherwise by law subsequent to January 1, 1975.” There are two reasons respondents’ argument is not valid. The first is that section 120.72(1) provides that the adjudicative procedures of chapter 120, i.e., 120.68(2), shall supersede all conflicting provisions in Florida Statutes, 1977, “unless expressly provided otherwise by law subsequent to January 1, 1975.” (Emphasis added.) While respondent is correct that section 121.23(3) was enacted after January 1, 1975 and conflicts with section 120.68(2), it does , not expressly provide that it is to prevail over section 120.68(2). As a matter of fact, section 121.23(3) makes no reference, implied or express; to chapter 120 and cannot therefore be held to supersede it. Webster’s New International Dictionary 899 (2d ed., Unabridged, 1957), defines “express” as, “Directly and distinctly stated; expressed, not merely implied or left to inference; as, an express commandment; hence, definite; clear; explicit; unmistakable; not dubious or ambiguous; as, express consent; express commands.”
The second reason respondent’s argument is unpersuasive is the language of section 120.722(1) and (4):
(1) The primary purpose of chapter 78-95, Laws of Florida, is to repeal or amend various provisions of the Florida Statutes containing procedural language superseded or made redundant by chapter 120 (the Administrative Procedure Act). Chapter 78-95 is designed to place the provisions affected into conformity with chapter 120, except where expressly noted to the contrary.

(4) Failure of chapter 78-95 to amend or repeal any provision in the Florida Statutes does not imply that that provision is not in conflict with, superseded by, or unnecessary in light of chapter 120.
We, therefore, conclude that chapter 120 supersedes all other general laws on the same subject matter that were a part of the Florida Statutes, 1977, except those that were enacted after January 1, 1975, and that by specific reference contained an exclusion from the provisions of chapter 120.
The motions to dismiss petitioner’s appeal are denied.
SCHEB, C. J., and GRIMES, J., concur.