422 So.2d 84 (1982)
Lawrence E. EDWARDS, Petitioner,
v.
STATE of Florida, Respondent.
No. 82-1591.
District Court of Appeal of Florida, Second District.
November 19, 1982.
*85 Elliott C. Metcalfe, Jr., Public Defender, and Becky A. Titus, Asst. Public Defender, Sarasota, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for respondent.
GRIMES, Judge.
The state charged Edwards in county court with possession of less than one ounce of cannabis in violation of Venice City Ordinance 888-81. The county court declared the ordinance invalid and granted Edwards's motion to dismiss. The circuit court reversed and reinstated the information. Edwards now brings this petition for certiorari seeking review of the circuit court's decision.
The ordinance at issue prohibits the possession of cannabis and cocaine and prescribes penalties for the possession of varying amounts of each substance. For example, a conviction for possession of one ounce (approximately twenty-eight grams) of cannabis would result in a penalty of at least forty-eight hours imprisonment and a fine of $150. The ordinance establishes increased minimum mandatory penalties for possession of cannabis up to one hundred pounds. It also sets comparable minimum mandatory penalties for the possession of up to seven grams of cocaine. The maximum penalty for any violation cannot exceed sixty days incarceration and a fine of $500. Thus, the City of Venice has chosen to proscribe certain conduct involving drugs which would constitute felonies under state law.
Initially, Edwards argues that the city did not have the authority to enact the ordinance since the legislature has preempted the subject of drug abuse control. The legislative findings of fact which accompanied the passage of the Florida Comprehensive Drug Abuse Prevention and Control Act lend some support to this argument:
WHEREAS, uniformity between the Laws of Florida and the Laws of the United States is necessary and desirable for effective drug abuse prevention and control, and
WHEREAS, it is desirable that the State of Florida exercise more authority over manufacture and distribution of dangerous drugs, and
WHEREAS, the inconsistencies in penalty provisions of current law demand amendment; NOW THEREFORE, ....
Ch. 73-331, Laws of Fl. However, under section 166.021(3)(c), Florida Statutes (1981), the legislative body of a municipality may enact legislation concerning any subject except for those areas "expressly preempted" by the constitution or state law. An "express" reference is one which is distinctly stated and not left to inference. Pierce v. Division of Retirement, 410 So.2d 669 (Fla. 2d DCA 1982). There is no suggestion of a constitutional preemption, and neither the language of the legislative findings of fact nor the terminology of chapter 893, Florida Statutes (1981), expressly preempts the field of drug abuse control. The City of Venice may, therefore, enact ordinances on that subject.
Edwards next argues that, even if chapter 893, Florida Statutes (1981), does not preempt the area of drug abuse control, the Venice ordinance conflicts with state law. A state statute always prevails over a conflicting municipal ordinance. Rinzler v. Carson, 262 So.2d 661 (Fla. 1972). City of Miami Beach v. Rocio Corp., 404 So.2d 1066 (Fla. 3d DCA 1981). In this case, the state statutes prescribe penalties which differ in severity from the penalties established by the ordinance. A local ordinance does not conflict with a state statute merely because it provides for a less severe penalty. Hilliard v. City of Gainesville, 213 So.2d 689 (Fla. 1968), appeal dismissed, 393 U.S. 321, 89 S.Ct. 556, 21 L.Ed.2d 517 (1969). However, an ordinance penalty cannot exceed that of state law. 5 E. McQuillin, The Law of Municipal Corporations § 17.15 (3d ed. 1981).
In some respects, the Venice ordinance sets a greater penalty than that prescribed by the law of Florida. Except in serious cases involving minimum mandatory *86 sentences, state law grants a trial judge the discretion to withhold adjudication and order probation. § 948.01, Fla. Stat. (1981). Moreover, where drug charges are brought under sections 893.13(1)(e) or (1)(f), Florida Statutes (1981), the judge is authorized to require a violator to participate in a drug rehabilitation program in lieu of prison or probation. § 893.15, Fla. Stat. (1981). For the less serious violations of chapter 893, the judge also retains the discretion to decide whether or not to impose a fine. Yet, the Venice ordinance eliminates all of these options and requires a minimum mandatory sentence and a minimum fine for each violation. To this extent, the ordinance is invalid because it conflicts with state law. People v. Quayle, 122 Misc. 607, 204 N.Y.S. 641 (Albany County Ct. 1924). In view of the severability clause contained therein, the balance of the ordinance can be sustained.
We hereby grant certiorari to the extent that we direct the circuit court to remand the case with instructions to delete those portions of Venice City Ordinance 888-81 which establish minimum mandatory sentences and fines not similarly punishable under state law. Otherwise, the petition for certiorari is denied.
BOARDMAN, A.C.J., and CAMPBELL, J., concur.