Mr. William R. Lisch City Attorney City of Bradenton 519 13th Street, West Bradenton, Florida 33505
Dear Mr. Lisch:
This is in response to your request for an Attorney General's Opinion on the following questions:
 1. HAS THE STATE, BY SECTION 402.305 OF THE FLORIDA STATUTES, PREEMPTED UNTO ITSELF AND HRS THE ESTABLISHMENT OF FIRE SAFETY STANDARDS FOR CHILD DAY CARE CENTERS, SO AS TO PREVENT THE ENFORCEMENT OF FIRE SAFETY STANDARDS AS LISTED IN NFPA 101?
 2. IF THE ANSWER TO QUESTION NO. 1 IS IN THE AFFIRMATIVE, THEN TO WHAT AGENCY DOES THE RESPONSIBILITY FOR THE INSPECTION OF FIRE SAFETY STANDARDS AT CHILD DAY CARE CENTERS FALL?
You state that the City of Bradenton has adopted the Life Safety Code of the National Fire Protection Association. According to your letter the fire protection requirements for child day care centers set forth in this code exceed those imposed by the State Fire Marshal pursuant to administrative rules contained in Rule Ch. 4A-36, F.A.C. You question whether the more stringent standards of the Life Safety Code may be applied or whether the state has preempted to itself the establishment of fire safety standards for child care facilities with regard to fire department inspections. You further state that the State Fire Marshal does not make inspections of child day care centers. This office has not been apprised of the specific provisions of the fire safety or fire prevention code of the City of Bradenton or whether such code has been incorporated into the building code of the city as the fire prevention segment of the code or as an additional or more stringent requirement than that specified in the State Minimum Building Code adopted by the city, or whether separately adopted by the city under the police power.
QUESTION ONE
Sections 402.301-402.316, F.S., Florida's Child Care Licensing Act, establish the licensing procedures for child care facilities. The purpose of this act is to establish statewide minimum standards for the care and protection of children in child care facilities and to approve county administration and enforcement to regulate conditions in such facilities through a program of licensing. Section 402.301, F.S. The state minimum standards are designed to protect the health, sanitation, safety and well-being of all children under care by ensuring competent personnel, adequate physical surroundings, and healthful food. All standards established under the act (Ch. 83-248, Laws of Florida) are to be in accordance with child care standards pursuant to rules promulgated and utilized by the State Fire Marshal for child care facilities. Section 402.305, F.S. The minimum standards for child care facilities are to include the following areas: personnel, physical facilities, sanitation and safety, nutritional practices, admissions and record keeping and transportation safety. Section402.305, F.S. Rules of the Department of Health and Rehabilitative Services, contained in Rule Ch. 10M-12, F.A.C., implement and provide for the minimum standards in the areas specified in subsections (1)-(6) of s 402.305, F.S. An examination of the child care licensing act and the legislation creating and amending the act (Chs. 74-113 and 83-248, Laws of Florida) illustrates that the provisions of ss 402.301-402.316, F.S., relate specifically to the licensing of child care facilities and that the administration and enforcement by the county or its designated licensing agency or the Department of Health and Rehabilitative Services of the rules promulgated thereunder regulate the privilege or right of licensees to engage in this business. See, e.g., the title to Ch. 74-113, Laws of Florida, which provides that it is "[a]n act . . . requiring licenses for child care facilities; . . . providing for state minimum licensing standards; . . ."; s 402.301, F.S., stating that it is the legislative intent "to ensure maintenance of these standards [as prescribed in the act], and to approve county administration and enforcement to regulate conditions in such facilities through a program of licensing . . ." (e.s.); s 402.305, F.S., prescribing licensing standards; s 402.308, F.S., regarding the issuance of licenses; s 402.310, F.S., describing disciplinary actions and administrative fines for violation of the provisions of the act or the rules promulgated thereunder; and s 402.311, F.S., authorizing the inspection of licensed child care facilities by the department or the local licensing agency. That portion of the statutes and rules which pertains to fire safety regulations and standards and the enforcement thereof does not preempt or prohibit more stringent municipal regulation in this area but requires that the minimum standards established by the statutes and rules must be met. Administration of state minimum standards as prescribed by Ch. 402, F.S., and the rules relating thereto through the licensing of child care facilities is to be carried out by the Department of Health and Rehabilitative Services or the local licensing agency. See, ss 402.306 and 402.307, F.S. The statutory provisions of Ch. 402, F.S., speak only to the administration and enforcement of the standards of this chapter and related administrative rules for purposes of the licensing of child care facilities and do not authorize or empower a county or the department to enforce fire safety or fire protection codes. Compare, s 402.310, F.S., providing for disciplinary actions for the violation of the provisions of ss 402.301-402.316, F.S., or the rules adopted thereunder and s 402.311, F.S., regarding the inspection of licensed child care facilities, with s 633.121, F.S., setting forth the persons who are authorized to enforce the state fire prevention and control law and rules of the State Fire Marshal, and s 633.171, F.S., which prescribes the penalty for violation of Ch. 633, F.S., or any order, rule or regulation of the State Fire Marshal.
Section 633.05(8), F.S., provides inter alia, that the State Fire Marshal shall make and promulgate rules and regulations for the "[e]stablishment of uniform firesafety standards for . . . residential child care facilities. . . . ." This subsection also states that "[n]othing in this subsection shall preclude the Department of Health and Rehabilitative Services from reporting any firesafety standard violations discovered in the course of an inspection to either the fire department or the State Fire Marshal." Subparagraph (8)(c) states that this subsection applies only to the establishment of uniform fire safety standards and does not affect the responsibility for conducting fire safety inspections or enforcing fire safety laws. The persons authorized to enforce Ch. 633, F.S., and the rules prescribed by the State Fire Marshal within their jurisdictions, as agents of their respective jurisdictions, include the chiefs of municipal fire departments and other fire department personnel designated by their respective chiefs. Section 633.121, F.S. The provisions of Ch. 633, F.S., and all regulations prescribed by the State Fire Marshal under this chapter, have the same force and effect as ordinances in the respective municipalities and are made enforceable in county courts in the same manner as municipal ordinances. Section 633.15, F.S. See also, s 633.171(1), F.S., making it a misdemeanor of the second degree to violate any provision of Ch. 633, F.S., or any order, rule or regulation of the State Fire Marshal.
Pursuant to s 633.05, F.S., "The Minimum Fire Safety Standards for Child Care Facilities" (Rule Ch. 4A-36, F.A.C.), were promulgated. The purpose of these standards, as described in Rule 4A-36.02, F.A.C., is "to specify measures which will provide that degree of public safety from fire which can be reasonably required. These rules . . . insist upon compliance with a minimum standard for life safety necessary in the public interest. . . ." (e.s.) Regarding limitations on these standards, Rule 4A-36.07(1), F.A.C., provides that "[n]othing in these rules shall be construed to prohibit a better type of building construction, the use of any material, method of construction, more exits, systems, or appliances, which can be shown by the submission of evidence (certified documentation by the manufacturer, or acceptance by a nationally recognized testing agency, or approved by the authority having jurisdiction) to provide at least an equivalent degree of quality, strength, effectiveness, fire resistance, durability, and safety, or otherwise safer conditions than the minimum requirements specified in this chapter." (e.s.) It would appear that Rule Ch. 4A-36, F.A.C., operates to establish the state minimum standards for child care facilities referred to in s 402.301, F.S., and which the Department of Health and Rehabilitative Services or the county or its duly designated licensing agency are required to adopt and enforce. The rule chapter imposes minimum standards for fire safety in child care facilities and recognizes that such standards may be exceeded.
Section 166.021(1), F.S., of the "Municipal Home Rule Powers Act" provides that municipalities may exercise any power for municipal purposes except when expressly prohibited by law, and s 166.021(3) states that pursuant to the authority set forth in s 2(b), Art. VII, State Const., the legislative body of each municipality has the power to enact legislation concerning any subject upon which the State Legislature may act except, inter alia, any subject which is expressly prohibited by the Constitution or any subject which is expressly preempted to state or county government by the Constitution or by general law. Section 166.021(3)(b) and (c), F.S. The term "express" as used in s 166.021, F.S., has been construed to mean a reference which is distinctly stated and not left to inference. See, Edwards v. State, 422 So.2d 84, 85 (2 D.C.A.Fla., 1982). Cf., Pierce v. Division of Retirement,410 So.2d 669, 672 (2 D.C.A., Fla., 1982). Nothing in Ch. 402, F.S. (or the rules promulgated thereunder), or Ch. 633, F.S., expressly (or impliedly) preempts or prohibits a municipality from enacting and enforcing more stringent fire prevention or fire safety codes or other regulatory measures enacted under the police power applicable to all persons and structures within its jurisdiction, including child day care centers. As is stated in Chs. 402 and 633, F.S., and Rule Ch. 4A-36, F.A.C., these fire safety and other standards are the minimum requirements imposed on child care facilities for licensing purposes which are to be administered and enforced by the county or its designated licensing agency or the Department of Health and Rehabilitative Services.
QUESTION TWO
Your second question will not be addressed as it is premised on an affirmative answer to your first question.
Therefore, it is my opinion until legislatively or judicially determined otherwise that ss 402.301-402.316, F.S., and Ch. 633, F.S., do not expressly prohibit a municipality from enacting and enforcing more stringent fire prevention or fire safety codes or other regulatory legislation enacted under the police power applicable to all persons and structures within their jurisdictions, including child day care centers or other child care facilities nor do these statutory provisions expressly preempt to the state or county government the authority to establish fire safety standards or other police regulations for child day care centers or other child care facilities. Rather, the fire safety and other standards imposed on such child care facilities by ss 402.301-402.316, F.S., Ch. 633, F.S., and the administrative rules promulgated thereunder are the minimum requirements for the licensing of such facilities and such licensing standards are to be enforced by the county, or its licensing agency or the Department of Health and Rehabilitative Services. Therefore, municipalities may lawfully enact and enforce more stringent fire safety standards or fire safety codes or other police regulations for such child care facilities.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General