Mr. John J. Colowich Mary Esther City Attorney Post Office Box 6944 Destin, Florida 32550
Dear Mr. Colowich:
You have asked for my opinion on substantially the following question:
Do sections 166.0445 and 402.301-402.319, Florida Statutes, preempt local regulation of family day care facilities?
While this office cannot comment on the validity of specific provisions of local legislation, your question relates to the nature of state statutes and their application to local jurisdictions. As your question cites two separate statutory provisions, each will be discussed separately.
Section 166.0445, Florida Statutes
Section 166.021(1), Florida Statutes, a provision of the "Municipal Home Rule Powers Act," states that municipalities may exercise any power for municipal purposes except when expressly prohibited by law. Section166.021(3), Florida Statutes, provides that pursuant to the authority set forth in section 2(b), Article VIII, Florida Constitution, the legislative body of each municipality has the power to enact legislation concerning any subject upon which the state Legislature may act except, among other things, any subject that is expressly prohibited by the Constitution or any subject that is expressly preempted to state or county government by the Constitution or by general law.[1] The term "express" as used in section 166.021, Florida Statutes, has been construed to mean a reference that is distinctly stated and not left to inference.[2]
Section 166.0445, Florida Statutes, enacted in 1986,[3] provides:
"The operation of a residence as a family day care home, as defined by law, registered or licensed with the Department of Health and Rehabilitative Services shall constitute a valid residential use for purposes of any local zoning regulations, and no such regulation shall require the owner or operator of such family day care home to obtain any special exemption or use permit or waiver, or to pay any special fee in excess of $50, to operate in an area zoned for residential use."[4]
The statute absolutely precludes a municipality from adopting any regulations requiring the owner or operator of a family day care home to secure a special exemption or use permit or waiver or pay any special fee above $50 to operate in a residential area.
While not defined specifically for purposes of section 166.0445, a "[f]amily day care home" is defined elsewhere in the statutes as:
"[A]n occupied residence in which child care is regularly provided for children from at least two unrelated families and which receives a payment, fee, or grant for any of the children receiving care, whether or not operated for profit. A family day care home shall be allowed to provide care for one of the following groups of children, which shall include those children under 13 years of age who are related to the caregiver: (a) A maximum of four children from birth to 12 months of age. (b) A maximum of three children from birth to 12 months of age, and other children, for a maximum total of six children. (c) A maximum of six preschool children if all are older than 12 months of age. (d) A maximum of 10 children if no more than 5 are preschool age and, of those 5, no more than 2 are under 12 months of age."[5]
Therefore, it is my opinion that to the extent a municipality proposes to regulate a "family day care home," section 166.0445, Florida Statutes, clearly represents an express legislative prohibition on municipalities enacting legislation that would require a special exemption or use permit or waiver or payment of special fee of more than $50 in order to operate in an area that is zoned for residential use.
Sections 402.301 — 402.319, Florida Statutes
Sections 402.301 — 402.319, Florida Statutes, Florida's Child Care Licensing Act, establish the licensing procedures for child care facilities. The purpose of this act is to prescribe statewide minimum standards for the care and protection of children in child care facilities and to approve county administration and enforcement to regulate conditions in these facilities through a program of licensing.[6]
The state minimum standards are designed to protect the health, sanitation, safety and well-being of all children under care by ensuring competent personnel, adequate physical surroundings, and healthful food. All standards established under the act are to be adopted in the rules of the Department of Children and Family Services.[7] The minimum standards for child care facilities are to include the following areas: personnel, minimum staff credentials, staff-to-children ratio, physical facilities, square footage per child, sanitation and safety, nutritional practices, admissions and recordkeeping, transportation safety, access, child discipline, plan of activities, urban child care facilities, transition periods, evening and weekend child care, specialized child care facilities for the care of mildly ill children, and transfer of ownership.[8]
A review of this statutory scheme demonstrates that the Legislature considered these standards to be minimum requirements and recognized the authority of local governments to legislate in this area. Section402.301(1) specifically provides that
"[i]t is the purpose of ss. 402.301 — 402.319 to establish statewide minimum standards for the care and protection of children in child care facilities, to ensure maintenance of these standards, and to approve county administration and enforcement to regulate conditions in such facilities through a program of licensing." (e.s.)
Not only does the Legislature specifically state that these are minimum requirements, the statute recognizes that local governments may be involved in regulating these facilities.
Another example of the Legislature's recognition of local authority in this area is section 402.307(1), Florida Statutes, which provides the Department of Children and Family Services with the authority to determine if local standards meet or exceed state minimum standards.[9]
Section 402.313, Florida Statutes, providing for the licensing of family day care homes, requires that those homes that are not subject to licensure must register with the department annually and provide proof that they have successfully completed a competency examination including "[s]tate and local rules and regulations that govern child care." (e.s.)[10] Similarly, section 402.3115, Florida Statutes, reflects the Legislature's concern for the elimination of duplicative and unnecessary inspections when both the Department of Children and Family Services and local governmental agencies license child care facilities.[11]
Based on the clear expression of the Legislature in the Florida Child Care Licensing Act, it is my opinion that sections 402.301 — 402.319, Florida Statutes, are minimum standards that do not preempt more stringent local regulation of the matters addressed therein.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Section 166.021(3)(b) and (c), Fla. Stat.
[2] See, Edwards v. State, 422 So.2d 84, 85 (Fla. 2d DCA 1982); AGO 84-83 (1984). Cf., Pierce v. Division of Retirement, 410 So.2d 669, 672
(Fla. 2d DCA 1982).
[3] See, s. 3, Ch. 86-87, Laws of Florida.
[4] And see, s. 125.0109, Fla. Stat., which makes the same provisions for counties.
[5] See, s. 402.302(7), Fla. Stat.
[6] Section 402.301, Fla. Stat.
[7] See, ss. 402.302(4) and 402.305(1)(c), Fla. Stat.
[8] Section 402.305(2)-(18), Fla. Stat.
[9] See, s. 402.307(1) and (2), Fla. Stat.
[10] Section 402.313(1)(a)6.a., Fla. Stat.
[11] And see, e.g., s. 402.305(1)(c) and (2), Fla. Stat.; s. 402.306, Fla. Stat.; and s. 402.316, Fla. Stat.