Mr. Paul Marino Kenneth Town Attorney 611 Druid Road East Suite 512 Clearwater, Florida 33756
Dear Mr. Marino:
On behalf of the Town of Kenneth City, you have asked for my opinion on substantially the following questions:
1. Does the Municipal Home Rule Powers Act authorize a municipality to enact an ordinance restricting the operation of a residential family day care home to a particular residential zoning classification?
2. Pursuant to provisions of the Municipal Home Rule Powers Act, may a municipality, by ordinance, limit the number of family day care homes that may operate within a particular residential zoning district?
According to your letter, the Town of Kenneth City has recently enacted an ordinance that tracks the language in section166.0445, Florida Statutes, relating to family day care homes. The issue that has arisen is whether state law preemption would prohibit a municipality from restricting the operation of a family day care home to a particular residential zoning district and whether a municipality may limit the number of such facilities within a geographic area under provisions of the Municipal Home Rule Powers Act. Your questions are related and will be answered together.
Section 166.021(1), Florida Statutes, a provision of the "Municipal Home Rule Powers Act," states that municipalities may exercise any power for municipal purposes except when expressly prohibited by law. Section 166.021(3), Florida Statutes, provides that pursuant to the authority set forth in section 2(b), ArticleVIII, Florida Constitution, the legislative body of each municipality has the power to enact legislation concerning any subject upon which the state Legislature may act except, among other things, any subject that is expressly prohibited by the constitution or any subject that is expressly preempted to state or county government by the constitution or by general law.[1]
The term "express" as used in section 166.021, Florida Statutes, has been construed to mean a reference that is distinctly stated and not left to inference.[2]
Section 166.0445, Florida Statutes, enacted in 1986,[3] provides:
"The operation of a residence as a family day care home, as defined by law, registered or licensed with the Department of Health and Rehabilitative Services shall constitute a valid residential use for purposes of any local zoning regulations and no such regulation shall require the owner or operator of such family day care home to obtain any special exemption or use permit or waiver, or to pay any special fee in excess of $50, to operate in an area zoned for residential use."[4]
The statute absolutely precludes a municipality from adopting any regulations requiring the owner or operator of a family day care home to secure a special exemption or use permit or waiver or pay any special fee above $50 to operate in a residential area.[5]
While not defined specifically for purposes of section 166.0445, a "[f]amily day care home" is defined elsewhere in the statutes as:
"[A]n occupied residence in which child care is regularly provided for children from at least two unrelated families and which receives a payment, fee, or grant for any of the children receiving care, whether or not operated for profit. A family day care home shall be allowed to provide care for one of the following groups of children, which shall include those children under 13 years of age who are related to the caregiver: (a) A maximum of four children from birth to 12 months of age. (b) A maximum of three children from birth to 12 months of age, and other children, for a maximum total of six children. (c) A maximum of six preschool children if all are older than 12 months of age. (d) A maximum of 10 children if no more than 5 are preschool age and, of those 5, no more than 2 are under 12 months of age."[6]
The legislative history surrounding the enactment, in 1986, of section 166.0445, Florida Statutes, and its counterpart for counties, section 125.0109, Florida Statutes, indicates that the purpose of the legislation was to remedy a problem facing many operators of family day care homes.[7] The previous year, the Legislature had enacted section 402.313, Florida Statutes, requiring operators not subject to licensure by county ordinance or resolution to register with the Department of Health and Rehabilitative Services.[8] By registering, operators had to face local zoning restrictions that often compelled them to seek a waiver to operate or to discontinue keeping children in their homes. Since zoning waivers were seldom granted, family day care home operators were forced to choose between losing their livelihood by complying with the law or operating illegally.[9]
With the enactment of sections 166.0445 and 125.0109, Florida Statutes, the Legislature restricted a local government's authority to regulate the operation of family day care homes in residential areas through zoning. The operation of family day care homes is statutorily declared to be a valid residential use under the zoning regulations of a municipality or county.
Thus, municipalities are precluded from prohibiting family day care homes from operating in residential areas under their zoning regulations. Because this area is preempted, it is my opinion that local governments may not limit the number of family day care homes within a geographic area or restrict the operation of a family day care home to a particular residential zoning district so long as the facility is located in any district zoned for residential use.[10]
Sincerely,
Charlie Crist Attorney General
[1] Section 166.021(3)(b) and (c), Fla. Stat.
[2] See Edwards v. State, 422 So.2d 84, 85 (Fla. 2d DCA 1982); Op. Att'y Gen. Fla. 84-83 (1984). Cf., Pierce v. Division ofRetirement, 410 So.2d 669, 672 (Fla. 2d DCA 1982).
[3] See s. 3, Ch. 86-87, Laws of Florida.
[4] And see s. 125.0109, Fla. Stat., which makes the same provisions for counties.
[5] See Op. Att'y Gen. Fla. 03-34 (2003).
[6] See s. 402.302(7), Fla. Stat.
[7] See, CS/CS/HB 782, enacted as Ch. 86-87, Laws of Florida.
[8] Section 28, Ch. 85-54, Laws of Florida, amending s.402.313(1), Fla. Stat.
[9] See Department of Health and Rehabilitative Services Bill Analysis, HB 782, dated March 27, 1986; and see, Staff Analysis, Committee on Community Affairs, House of Representatives, CS/CS/HB 782, dated June 19, 1986, stating:
"Once registered, family day care providers are `out in the open' and must comply with all local codes, including zoning regulations. Many such codes and regulations ban any `business activity' in residential areas, and thereby threaten the existence of these homes."
[10] See Op. Att'y Gen. Fla. 91-97 (1991) (the limitation in s.125.0109, Fla. Stat., on "special fees" applies only to those fees imposed on family day care homes in connection with a local zoning ordinance), and Op. Att'y Gen. Fla. 03-34 (2003) (to the extent a municipality proposes to regulate a "family day care home," s. 166.0445, Fla. Stat., clearly represents an express legislative prohibition on municipalities enacting legislation that would require a special exemption or use permit or waiver or payment of special fee or more than $50 in order to operate in an area that is zoned for residential use).