Robert K. Robinson, City Attorney City of North Port Bowman, George, Scheb, Toale Robinson, P.A. 2750 Ringling Boulevard, Suite 3 Sarasota, Florida 34237
Dear Mr. Robinson:
As City Attorney for the City of North Port, you have asked substantially the following question:
Is the City of North Port authorized to regulate the use of all-terrain vehicles within the city limits of North Port?
The City of North Port has an off-road advisory committee, which is proposing an ordinance to the city commission for the regulation of off-road vehicle use within the city limits. You have generally outlined some of the provisions of this ordinance and requested a determination of their validity. Because the information you have provided is general in nature, my response will be general and will address state statutory provisions and the city's authority to legislate pursuant to these statutes.
The Florida Uniform Traffic Control Law, Chapter 316, Florida Statutes,[1] was adopted "to make uniform traffic laws to apply throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities."[2] While the chapter was enacted to eliminate the "hodgepodge of ordinances which vary as to language and penalty,"[3] there are instances where the Legislature has recognized that municipalities may control traffic movement or parking.[4] The statute provides, however, that "[i]t is unlawful for any local authority to pass or to attempt to enforce any ordinance in conflict with the provisions of this chapter."[5] Thus, this office has previously concluded that absent express authorization under the Uniform Traffic Control Law, Chapter 316 constitutes a prohibition on local legislation on the subjects of traffic control or enforcement.[6]
Section 316.2074, Florida Statutes, represents the Legislature's scheme for the regulation of all-terrain vehicles.[7] The statute requires those under 16 years of age who operate, ride, or are otherwise propelled on an all-terrain vehicle to wear a safety helmet satisfying United States Department of Transportation standards and eye protection.[8] In the event of a crash of an all-terrain vehicle resulting in death or the injury of a person requiring treatment by a physician, the operator of the vehicle is required to give notice of the crash.[9] The statute also authorizes the use of all-terrain vehicles by law enforcement officers for patrolling public beach and beach access roadways as well as public roads on public lands.[10] A violation of section 316.2074, Florida Statutes, is designated a noncriminal traffic infraction, punishable as a nonmoving violation under chapter 318, Florida Statutes.[11] Thus, the statute prescribes the safety equipment and other restrictions, such as the age of the operator, that may be applied to all-terrain vehicles.
Section 316.2074, Florida Statutes, does not, however, recognize the authority of local governments to regulate the operation of all-terrain vehicles. Rather, subsection (5) of the statute provides that "except as provided in this section, an all-terrain vehicle may not be operated upon the public roads, streets, or highways of this state, except as otherwise permitted by the managing state or federal agency." Thus, section 316.2074, Florida Statutes, preempts the regulation of all-terrain vehicles on the public roads, streets, and highways, to state or federal agencies. However, nothing in chapter 316, Florida Statutes, addresses the use of all-terrain vehicles on municipal property that is not a public road, street or highway.[12]
Section 166.021(1), Florida Statutes, a provision of the Municipal Home Rule Powers Act, states that municipalities may exercise any power for municipal purposes except when expressly prohibited by law. Section166.021(3), Florida Statutes, provides that pursuant to the authority set forth in section 2(b), Article VIII, Florida Constitution, the legislative body of each municipality has the power to enact legislation concerning any subject upon which the state Legislature may act except, among other things, any subject that is expressly prohibited by the constitution or any subject that is expressly preempted to state or county government by the constitution or by general law.[13] The term "express" as used in section 166.021, Florida Statutes, has been construed to mean a reference that is distinctly stated and not left to inference.[14]
With regard to the recreational use of all-terrain vehicles on recreation areas and trails, the state has enacted legislation. Chapter 261, Florida Statutes, was enacted during the 2002 legislative session and titled the "T. Mark Schmidt Off-Highway Vehicle Safety and Recreation Act."[15]
The intent of the Legislature, as expressed in the act, is that:
"(a) Existing off-highway vehicle recreational areas, facilities, and opportunities be improved and appropriately expanded and be managed in a manner consistent with this chapter, in particular to maintain natural resources and sustained long-term use of off-highway vehicle trails and areas. (b) New off-highway vehicle recreational areas, facilities, and opportunities be provided and managed pursuant to this chapter in a manner that will sustain both long-term use and the environment."[16]
The act makes the Department of Agriculture and Consumer Services, Division of Forestry, responsible for adopting administrative rules to implement the provisions of this chapter[17] and for coordinating the planning, development, conservation, and rehabilitation of state lands in the system as well as providing law enforcement and appropriate public safety activities.[18]
For purposes of this chapter, an "off-highway vehicle" includes any all-terrain vehicle (ATV) "that is used off the roads or highways of this state for recreational purposes and that is not registered and licensed for highway use under chapter 320." The definition of "ATV" is identical to that set forth in section 316.2074(2), Florida Statutes. The provisions of chapter 261, Florida Statutes, require that:
"Publicly owned or operated off-highway vehicle recreation areas and trails shall be designated and maintained for recreational travel by off-highway vehicles. These areas and trails need not be generally suitable or maintained for normal travel by conventional two-wheel-drive vehicles and should not be designated as recreational footpaths. State off-highway vehicle recreation areas and trails must be selected and managed in accordance with this chapter."[19]
In accordance with the provisions of the statute, "[s]tate off-highway vehicle recreation areas and trails must be selected and managed in accordance with this chapter."[20] Thus, these statutes relate primarily to the managed use of off-highway vehicles on public lands.
The provisions of Chapter 261, Florida Statutes, do not preempt local governmental regulation of the recreational use of all-terrain vehicles on municipal property. In the absence of any clearly expressed intent that Chapter 261 represents such a preemption of this area of the law, it is my opinion that a municipality may adopt local legislation regulating the recreational use of all-terrain vehicles on municipal property other than roads, streets or highways to the extent that nothing in that legislation conflicts with the provisions of Chapter 261.
In sum, it is my opinion that the City of North Port is authorized to regulate the recreational use of all-terrain vehicles on municipal property. However, the city is precluded from regulating the use of these vehicles on streets and highways by the operation of section 316.2074, Florida Statutes, which limits such regulation to state and federal agencies.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See s. 316.001, Fla. Stat., providing the short title for the act.
[2] Section 316.002, Fla. Stat., setting forth the Legislature's intent in adopting Chapter 316, Fla. Stat.
[3] See Preamble to Ch. 71-135, Laws of Florida, creating Ch. 316, Fla. Stat.
[4] See, s. 316.008, Fla. Stat., enumerating the powers of local authorities.
[5] Section 316.002, Fla. Stat.
[6] See AGO 03-58 (2003), 2001-06 (2001), 98-62 (1998) and 98-15 (1998).
[7] An "all-terrain vehicle" is defined for purposes of the statute by section 316.2074(2), Fla. Stat., as
"any motorized off-highway vehicle 50 inches or less in width, having a dry weight of 900 pounds or less, designed to travel on three or more low-pressure tires, having a seat designed to be straddled by the operator and handlebars for steering control, and intended for use by a single operator with no passenger."
[8] Section 316.2074(3), Fla. Stat.
[9] Section 316.2074(4), Fla. Stat.
[10] Section 316.2074(6) and (7), Fla. Stat.
[11] Section 316.2074(8), Fla. Stat.; and see s. 318.18, Fla. Stat., providing penalties for violations of section 316.2074, Fla. Stat.
[12] See s. 316.006(2), Fla Stat., providing jurisdiction over municipal roads, streets and highways; and see s. 316.003(42) and (53), Fla. Stat, defining, respectively the terms "roadway" and "street or highway."
[13] Section 166.021(3)(b) and (c), Fla. Stat.
[14] See Edwards v. State, 422 So.2d 84, 85 (Fla. 2d DCA 1982); Op. Att'y Gen. Fla. 03-62 (2003); 84-83 (1984). Cf., Pierce v. Division ofRetirement, 410 So.2d 669, 672 (Fla. 2d DCA 1982).
[15] See s. 53, Ch. 2002-295, Laws of Florida, creating the "T. Mark Schmidt Off-Highway Vehicle Safety and Recreation Act," and s. 261.01, Fla. Stat., providing the short title.
[16] Section 261.02(3), Fla. Stat.
[17] Section 261.06(11), Fla. Stat.
[18] Section 261.06(1) and (2), Fla. Stat.
[19] Section 261.10, Fla. Stat.
[20] Id.