Mr. Lonnie N. Groot Oviedo City Attorney Post Office Box 4848 Sanford, Florida 32772-4848
Dear Mr. Groot:
The City Council of the City of Oviedo has requested my opinion on substantially the following question:
Is the City of Oviedo authorized to vacate municipal roads and rights-of-way in accordance with the provisions of section 316.00825, Florida Statutes?
Chapter 316, Florida Statutes, the Florida Uniform Traffic Control Law, was enacted to make uniform traffic laws applicable throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities. (s. 316.002, Fla. Stat.) Section 316.006, Florida Statutes, vests jurisdiction to control traffic in the state, counties, and municipalities. Municipalities are given authority to control traffic within their jurisdictions by section 316.006(2)(a), Florida Statutes, which provides:
"Chartered municipalities shall have original jurisdiction over all streets and highways located within their boundaries, except state roads, and may place and maintain such traffic control devices which conform to the manual and specifications of the Department of Transportation upon all streets and highways under their original jurisdiction as they shall deem necessary to indicate and to carry out the provisions of this chapter or to regulate, warn or guide traffic."
Section 316.640, Florida Statutes, provides generally for the enforcement of traffic laws and, more specifically, states that municipalities shall enforce state traffic laws on municipal thoroughfares "wherever the public has the right to travel by motor vehicle."[1]
Section 316.00825, Florida Statutes, provides:
"(1)(a) In addition to the authority provided in s. 336.12,[2] the governing body of the county may abandon the roads and rights-of-way dedicated in a recorded residential subdivision plat and simultaneously convey the county's interest in such roads, rights-of-way, and appurtenant drainage facilities to a homeowners' association for the subdivision, if the following conditions have been met: 1. The homeowners' association has requested the abandonment and conveyance in writing for the purpose of converting the subdivision to a gated neighborhood with restricted public access. 2. No fewer than four-fifths of the owners of record of property located in the subdivision have consented in writing to the abandonment and simultaneous conveyance to the homeowners' association. 3. The homeowners' association is both a corporation not for profit organized and in good standing under chapter 617, and a "homeowners' association" as defined in s. 720.301(9) with the power to levy and collect assessments for routine and periodic major maintenance and operation of street lighting, drainage, sidewalks, and pavement in the subdivision. 4. The homeowners' association has entered into and executed such agreements, covenants, warranties, and other instruments; has provided, or has provided assurance of, such funds, reserve funds, and funding sources; and has satisfied such other requirements and conditions as may be established or imposed by the county with respect to the ongoing operation, maintenance, and repair and the periodic reconstruction or replacement of the roads, drainage, street lighting, and sidewalks in the subdivision after the abandonment by the county. (b) The homeowners' association shall install, operate, maintain, repair, and replace all signs, signals, markings, striping, guardrails, and other traffic control devices necessary or useful for the private roads unless an agreement has been entered into between the county and the homeowners' association, as authorized under s. 316.006(3)(b), expressly providing that the county has traffic control jurisdiction. (2) Upon abandonment of the roads and rights-of-way and the conveyance thereof to the homeowners' association, the homeowners' association shall have all the rights, title, and interest in the roads and rights-of-way, including all appurtenant drainage facilities, as were previously vested in the county. Thereafter, the homeowners' association shall hold the roads and rights-of-way in trust for the benefit of the owners of the property in the subdivision, and shall operate, maintain, repair, and, from time to time, replace and reconstruct the roads, street lighting, sidewalks, and drainage facilities as necessary to ensure their use and enjoyment by the property owners, tenants, and residents of the subdivision and their guests and invitees. The provisions of this section shall be regarded as supplemental and additional to the provisions of s. 336.12, and shall not be regarded as in derogation of that section."
Your question presupposes that the conditions of section 316.00825, Florida Statutes, have been met and then asks whether a municipality may act in accordance with this section to vacate roads and convey those same roads to a homeowners' association. You also suggest that a municipality may have home rule powers that would enable it to close and abandon a road and simultaneously convey the road and right-of-way to a homeowners' association in the manner provided by section 316.00825.
It is clear from the language used by the Legislature in section 316.00825, Florida Statutes, that the authority vested in local governments by that statute applies exclusively to counties. It is a rule of statutory construction that when a law mentions the things upon which it is to operate, it is ordinarily construed as excluding from its operation all things not expressly mentioned, that is, expressio unius est exclusio alterius.[3] Thus, it is my opinion that section 316.00825 does not provide authority for municipalities to abandon roads and rights-of-way and simultaneously convey the municipalities' interest in such roads to a homeowners' association.
Section 166.021(1), Florida Statutes, a provision of the "Municipal Home Rule Powers Act," states that municipalities may exercise any power for municipal purposes except when expressly prohibited by law. Section 166.021(3), Florida Statutes, provides that pursuant to the authority set forth in section 2(b), ArticleVIII, Florida Constitution, the legislative body of each municipality has the power to enact legislation concerning any subject upon which the state Legislature may act except, among other things, any subject that is expressly prohibited by the Constitution or any subject that is expressly preempted to state or county government by the Constitution or by general law.[4] The term "express" as used in section 166.021, Florida Statutes, has been construed to mean a reference that is distinctly stated and not left to inference.[5] Thus, in the absence of any statutory or constitutional prohibition, a municipality may legislate on any subject upon which the state may adopt legislation.
Section 316.007, Florida Statutes, provides:
"The provisions of this chapter shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein, and no local authority shall enact or enforce any ordinance on a matter covered by this chapter unless expressly authorized. However, this section shall not prevent any local authority from enacting an ordinance when such enactment is necessary to vest jurisdiction of violation of this chapter in the local court."
This statute restricts local governments from enacting or enforcing local legislation on a matter covered by Chapter 316, Florida Statutes, unless expressly authorized to do so.[6]
As section 166.021(1), Florida Statutes, makes clear, a municipality possesses no home rule authority to act against the terms of an express statutory prohibition. Section 316.007, Florida Statutes, presents such a prohibition. Further, section166.021(3)(c), Florida Statutes, precludes a municipality from enacting legislation on a subject preempted by general law to a county. Section 316.007 reserves to counties the authority to abandon roads, rights-of-way, and appurtenant drainage facilities to homeowners' associations and acts as a preemption of this matter to the counties.
Therefore, I am of the opinion that municipalities are precluded by the terms of sections 166.021(3)(c) and 316.007, Florida Statutes, from abandoning roads and rights-of-way dedicated in a recorded residential subdivision plat and simultaneously conveying their interest in such roads, rights-of-way, and appurtenant drainage facilities to a homeowners' association for the subdivision in the manner provided by section 316.00825, Florida Statutes.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Section 316.640(3)(a), Fla. Stat.
[2] Section 336.12, Fla. Stat., provides for the closing and abandonment of roads by counties and states that the title of the easement for the road shall revert to the abutting fee owners.
[3] Alsop v. Pierce, 19 So.2d 799 (Fla. 1944); Thayer v. State,335 So.2d 815 (Fla. 1976) (a legislative direction as to how a thing is to be done is, in effect, a prohibition against it being done in any other way); Ops. Att'y Gen. Fla. 00-37 (2000) (expenditure of funds strictly limited to those purposes and projects recognized by the statute); 00-25 (2000) (specific enumeration in statute of those projects for which tourist development tax revenues may be spent implies the exclusion of others).
[4] Section 166.021(3)(b) and (c), Fla. Stat.
[5] See Edwards v. State, 422 So.2d 84, 85 (Fla. 2d DCA 1982); Op. Att'y Gen. Fla. 84-83 (1984). Cf., Pierce v. Division ofRetirement, 410 So.2d 669, 672 (Fla. 2d DCA 1982).
[6] See generally 4A Fla. Jur. 2d Automobiles and OtherVehicles s. 248 (1994).