Dear Ms. Dickens:
You ask the following question:
May the City of Miami Gardens create a 501(c)(3) non-profit organization to accept donations and grants to be used to carry out municipal purposes?
You state that the City of Miami Gardens is contemplating creating a 501(c)(3) non-profit corporation for purposes including, but not limited to, accepting donations and grants from private and other governmental entities for the furtherance of governmental objectives. The organizations would be subsidiary branches of the city and would be used for public purposes only. Without being advised of specific details of the purposes for which the non-profit corporation would operate, I can offer only a general discussion of the municipality's powers in this area.
Section 166.021(1), Florida Statutes, a provision of the "Municipal Home Rule Powers Act," states that municipalities may exercise any power for municipal purposes except when expressly prohibited by law. Section 166.021(3), Florida Statutes, provides that pursuant to the authority set forth in section 2(b), ArticleVIII, Florida Constitution, the legislative body of each municipality has the power to enact legislation concerning any subject upon which the state Legislature may act except, among other things, any subject that is expressly prohibited by the constitution or any subject that is expressly preempted to state or county government by the constitution or by general law.[1] The term "express" as used in section 166.021, Florida Statutes, has been construed to mean a reference that is distinctly stated and not left to inference.[2]
This office previously has provided advice to a municipality contemplating the creation of a non-profit corporation to provide employee staffing and management services to the city.[3]
Citing the broad home rule powers granted to municipalities to enact legislation on any subject matter upon which the state Legislature may act and noting that the Legislature has specifically authorized the creation of such corporations to provide employee staffing to governmental entities that create them,[4] this office advised the city that it could do the same if it found that such action satisfied a municipal purpose.[5] This office has long recognized the authority of a municipality to use non-profit organizations to assist in carrying out municipal purposes.[6]
Accordingly, absent an express statutory or constitutional prohibition to the contrary, it is my opinion that a municipality may create a non-profit corporation to accept donations and grants to be used in furtherance of municipal purposes.
Sincerely,
 Charlie Crist Attorney General
CC/tals
[1] Section 166.021(3)(b) and (c), Fla. Stat.
[2] See Edwards v. State, 422 So. 2d 84, 85 (Fla. 2nd DCA 1982); Op. Att'y Gen. Fla. 84-83 (1984).
[3] See Inf. Op. to Mr. Scott E. Simpson, City of South Daytona, October 1, 1996.
[4] See, e.g., Ch. 84-539, Laws of Fla., discussed in Op. Att'y Gen. Fla. 93-83 (1993) (Halifax Hospital Medical Center authorized to form not-for-profit corporations).
[5] Section 166.021(2), Fla. Stat., refers to "[m]unicipal purpose" as "any activity or power which may be exercised by the state or its political subdivisions." See State v. City ofJacksonville, 50 So. 2d 532, 535 (Fla. 1951) ("municipal purpose" includes all activities essential to the health, morals, protection, and welfare of the municipality).
[6] See Op. Att'y Gen. Fla. 83-06 (1983) (city authorized to contribute directly to a non-profit quasi-public corporation's football program where the program was open to the public and satisfied a need for a public recreation program).