Dear Mr. Jove:
You have asked for my opinion on substantially the following question:
Do the provisions of section 553.509, Florida Statutes, preempt the City of Hallandale Beach from enacting local legislation concerning the subjects treated in that statute?
Part II, Chapter 553, Florida Statutes, is the "Florida Americans With Disabilities Accessibility Implementation Act."[1]
Section 553.509, Florida Statutes, provides "vertical accessibility" requirements for buildings covered by this act.
Chapter 2006-71, Laws of Florida, substantially rewrote section553.509, Florida Statutes, and this amendment became effective on July 1, 2006. The rewritten statute requires that all multifamily dwellings that are at least 75 feet high and contain a public elevator have at least one public elevator that is capable of operating on an alternate power source available to residents for a number of hours each day over a five-day period following a disaster. Any entity that operates a residential dwelling is required to provide proof of a current contract for an alternate power source to the local building inspection agency.[2]
Section (2)(a) of the statute now requires:
 "Any person, firm, or corporation that owns, manages, or operates a residential multifamily dwelling, including a condominium, that is at least 75 feet high and contains a public elevator, as described in s. 399.035(2) and (3) and rules adopted by the Florida Building Commission, shall have at least one public elevator that is capable of operating on an alternate power source for emergency purposes. Alternate power shall be available for the purpose of allowing all residents access for a specified number of hours each day over a 5-day period following a natural disaster, manmade disaster, emergency, or other civil disturbance that disrupts the normal supply of electricity. The alternate power source that controls elevator operations must also be capable of powering any connected fire alarm system in the building."
The statute includes standards for wiring the elevator for an alternate power source;[3] requirements for new construction;[4] the duty to maintain a written emergency operations plan for a public elevator;[5] directives relating to funding for compliance with the statutory requirements;[6] and new requirements for annual elevator inspections.[7] The statute also advises that "buildings, structures, and facilities must, as a minimum, comply with the requirements in the Americans with Disabilities Act Accessibility Guidelines."
Section 2(b), Article VIII, Florida Constitution, provides that
 "Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law."
The Supreme Court of Florida has stated that this constitutional provision "expressly grants to every municipality in this state authority to conduct municipal government, perform municipal functions, and render municipal services."[8] The only limitation on the power of municipalities under this constitutional section is that such power must be exercised for a valid municipal purpose.[9] Thus, the Court has determined that statutes are only relevant to determine the limitations on municipal authority and cities need no further authorization from the Legislature to conduct municipal government.[10]
Pursuant to section 166.021(1), Florida Statutes, municipalities are granted "the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law." The term "expressly," as it is used in section 166.021, Florida Statutes, has been construed to mean a reference that is distinctly stated and not left to inference.[11]
Nothing in section 12, Chapter 2006-71, Laws of Florida, specifically states that these provisions preempt local legislation. Other provisions in Chapter 2006-71, Laws of Florida, do specifically preempt particular subjects to the state and would indicate that the Legislature could have made provision for exclusive action by the state if it had intended such a result. The Florida Disaster Motor Fuel Supplier Program, section526.144, Florida Statutes, also created by Chapter 2006-71, Laws of Florida, contains language clearly recognizing the state's exclusive role in regulation:
 "Notwithstanding any other law or local ordinance
and for the purpose of ensuring an appropriate emergency management response following major disasters in this state, the regulation, siting, and placement of alternate power source capabilities and equipment at motor fuel terminal facilities, motor fuel wholesalers, and motor fuel retail sales outlets are preempted to the state." (emphasis added)
Nor do the provisions of section 12, Chapter 2006-71, Laws of Florida, appear to operate to totally occupy the subject matter. Rather, the statutory scheme appears to reflect opportunities for regulation by local government, for example, in buildings under 75 feet in height or in buildings that are not residential, multifamily dwellings.
However, while the City of Hallandale may adopt local legislation relating to vertical accessibility, any provision the city adopts that may be inconsistent with general law or with regulations adopted by the state would be invalid.[12] A municipality cannot forbid what the Legislature has expressly licensed, authorized or required, nor may it authorize what the Legislature has expressly forbidden.[13]
Therefore, it is my opinion that section 553.509, Florida Statutes, as amended by section 12, Chapter 2006-71, Laws of Florida, does not preempt local legislation on the topics covered by that statute.
Sincerely,
 Charlie Crist Attorney General
CC/tgh
[1] Section 553.501, Fla. Stat., provides the short title for the act.
[2] See House of Representatives Staff Analysis, HB 7121 CS, dated April 25, 2006.
[3] Section 553.509(2)(b), Fla. Stat.
[4] Section 553.509(2)(c), Fla. Stat.
[5] Section 553.509(2)(d), Fla. Stat.
[6] Section 553.509(2)(e), Fla. Stat.
[7] Section 553.509(2)(f), Fla. Stat.
[8] State v. City of Sunrise, 354 So. 2d 1206, 1209 (Fla. 1978).
[9] Id.
[10] State v. City of Sunrise, n. 8 at 1209.
[11] See Edwards v. State, 422 So. 2d 84, 85 (Fla. 2nd DCA 1982); Ops. Att'y Gen. Fla. 05-16 (2005), 84-83 (1984). Cf.Pierce v. Division of Retirement, 410 So. 2d 669, 672 (Fla. 2nd DCA 1982).
[12] See s. 166.021, Fla. Stat.; City of Miami Beach v.Forte Towers, Inc., 305 So. 2d 764 (Fla. 1974); Ops. Att'y Gen. Fla. 05-16 (2005), 78-141 (1978), 75-167 (1975), and 73-463 (1973).
[13] Wyche v. State, 619 So. 2d 231 (Fla. 1993); Rinzler v.Carson, 262 So. 2d 661 (Fla. 1972); City of Miami Beach v.Rocio Corp., 404 So. 2d 1066 (Fla. 3rd DCA 1981), pet. for rev.den., 408 So. 2d 1092 (Fla. 1981).